■ In the Matter of the Guardianship of MARLON D. JONES, an Infant. DEBRA JONES, Respondent, v CARDINAL McCLOSKEY CHILDREN'S AND FAMILY SERVICES, Appellant.—Order, Family Court, New York County (Leah R. Marks, J.), entered May 31, 1985, which dismissed, for failure to establish a prima facie case, appellant's petition alleging permanent neglect and seeking to terminate respondent's parental rights, reversed, on the law and on the facts, without costs, respondent's motion to dismiss is denied, and the matter is remanded for a new fact-finding hearing.

This is a proceeding pursuant to Social Services Law § 384-b in which the petitioner, Cardinal McCloskey Children's and Family Services (the agency), alleges permanent neglect and seeks to terminate the parental rights of the respondent mother, and to transfer custody of the infant Marlon to petitioner for purposes of adoption. The appeal is from an order entered at the conclusion of petitioner's case in the fact-finding hearing, which granted respondent's motion to dismiss the petition for failure to establish a prima facie case that it had made diligent efforts to encourage and strengthen the parental relationship.

The court concluded that the evidence submitted by the agency did not demonstrate that certain efforts undertaken on behalf of Marlon and the respondent were in fact necessary, and that in other respects the agency did not do what it should have done. We disagree with each of the court's deter-

minations of fact and its conclusion of law, and accordingly reverse the order, insofar as it is appealed from, deny respondent's motion to dismiss the petition and remand the matter for a new fact-finding hearing.

The court found the evidence insufficient to establish that the agency had made any practical, intensive or consistent efforts to assist the respondent in securing a crib for Marlon, who was less than one year old during most of the relevant period. We disagree. The evidence demonstrated clearly that the agency attempted over an extended period to persuade respondent that a crib was necessary for Marlon's safety, and that he would not be released for overnight or weekend visits until a crib was obtained. Respondent insisted throughout that Marlon could sleep with her. The agency thereupon contacted respondent's welfare center directly, arranged for the funds for the crib to be made available to respondent, and repeatedly urged her to pick up the check and purchase the crib. Respondent refused, for no apparent reason other than her inability to comprehend that an infant should sleep in a crib. This evidence seems to us more than sufficient to establish a prima facie case on that issue.

The court also found it not proven that respondent was in need of referrals to either a family planning or parental skills program. However, we think it clear that respondent needed some family planning education if only by virtue of her having four children in as many years, and her having given up two for adoption and Marlon for foster care when he was only two weeks old. The identity of Marlon's father was unknown. Evidence was also introduced demonstrating that respondent needed to improve her skills at being a parent. For example, from the period August 1982 through the end of 1983 respondent failed entirely to attend 26 scheduled visits with her child; of the 22 she did attend, she was on the average one hour late for 19 of them, and often arrived as Marlon was being returned to his foster home and so saw him only momentarily.

One repeated excuse for her lateness and failures to show up was that she was very busy, and yet respondent was unemployed, attended no school or other programs, and had no apparent obligations other than the care of her four-year-old daughter, who lived with respondent. Another major excuse was that respondent had overslept for her afternoon visitations, yet she consistently refused to reschedule them to a later time or to buy an alarm clock. On other occasions, respondent simply forgot about appointments. Respondent's

daughter had not seen a doctor since she was one year old, and had not obtained necessary immunizations on a timely basis, despite repeated urgings by the agency.

Finally, we disagree with the court's finding that the evidence did not indicate that the agency adequately defined or presented a consistent plan to the respondent. The agency's plan, as clearly demonstrated in the record, was to return Marlon to the respondent if she made some progress in her parental and family planning skills, if she showed more interest in and responsibility toward Marlon in her weekly visits, and if she obtained a crib so that he could stay overnight with respondent and thus gradually be familiarized with respondent and her family. Concur—Sandler, J. P., Carro, Asch, Milonas and Kassal, JJ.