(May 31, 1988)

In the Matter of the Guardianship of JASON LEBRON. NEW YORK FOUNDLING HOSPITAL, Appellant; RUTH LEBRON et al., Respondents.

The Family Court decision and order stated that petitioner had met its burden of proving that respondents failed to maintain regular contact with their son or plan for his future, thus establishing permanent neglect as defined in the statute *(see,* Social Services Law § 384-b [7]), but dismissed each petition on the ground that it had not been established by clear and convincing evidence that petitioner had made sufficiently diligent efforts to strengthen the parental relationship or to assist the parents. *(See,* Social Services Law § 384-b [7] [f].) We agree that permanent neglect has been established by the requisite standard, but reverse the latter finding and hold that petitioner met its burden of proving diligent efforts. *(See, Matter of Alexander,* 127 AD2d 517; *Matter of Jones,* 121 AD2d 318; *Matter of Reginald B.,* 94 AD2d 628.)

In October of 1982, the respondent parents put Jason in foster care, pursuant to a voluntary placement agreement, when he was three years old. He was then placed in the care and custody of a foster family where he has remained. At the time of Jason's voluntary placement, the reason given for the placement was that respondents were being evicted from their apartment and each was seeking treatment for narcotics addiction. Respondents are not married, and each has other children not in their custody. Jason is apparently the only child born to respondents.

The Family Court was correct in its determination that clear and convincing evidence established that respondents

failed to plan for his future or maintain regular contact with Jason. A default in either maintaining regular contact or realistically planning for the child's future may support a finding of permanent neglect. *(See, Matter of Star Leslie W.,* 63 NY2d 136.) Here the record amply shows failure on the part of both respondents to plan realistically for their child's future. Neither took the necessary steps contemplated under the planning requirement "to provide an adequate, stable home and parental care for the child within a period of time which is reasonable under the financial circumstances available to the parent[s]." (Social Services Law § 384-b [7] [c]; *Matter of Orlando F.,* 40 NY2d 103.)

The principal obstacle to the agency's efforts to strengthen the parental relationship was the chronic drug addiction of both respondents. Although each respondent entered treatment programs, neither followed through on a course of rehabilitation and neither achieved any lasting remission. The failure of a parent to utilize rehabilitative services may be considered by the court in determining whether a parent has failed to plan for the child's future. (Social Services Law § 384-b [7] [c].)

Efforts to strengthen parental relationships should not be made when such efforts would be detrimental to the child's best interests. (Family Ct Act § 614 [1] [c]; *Matter of Ray A. M.,* 37 NY2d 619.) Given the conceded addiction of both respondents to hard drugs, the poor prognosis for recovery, and the manifest failure to take the necessary steps to fulfill the planning requirement, further efforts to strengthen the parental relations can only be detrimental to the child's best interests. *(See,* Carrieri, Practice Commentary, McKinney's Cons Laws of NY, Book 52A, Social Services Law § 384-b, at 139.)

In separate findings and conclusions with respect to each respondent, the Family Court held that petitioner's services to respondents fell short of the standard of reasonable diligence in that petitioner did not adequately explain the consequences of long-term foster care and did not offer adequate referrals and information about available services. The Family Court stated that petitioner should have informed the father about the availability of day-care and homemaker services.

Social Services Law § 384-b (7) (f) (1)-(4) describe generally and nonexclusively the areas in which an agency is required to assist parents. *(See, Matter of Alexander, supra.)* The record shows that social workers in the employ of petitioner made reasonable efforts in each of the specified areas. They ar-

ranged a regular visitation schedule between Jason and his natural parents, kept the parents informed of Jason's progress in foster care, and met frequently with the parents to encourage them to plan realistically for Jason's future. In meetings with petitioner's social worker, the respondent mother deferred to the wishes of the father who was frequently temperamental and uncooperative. Under the circumstances of this case, the agency fulfilled its duty of diligence in attempting to strengthen the parental relationship. The agency is not a guarantor of an uncooperative parent's success in overcoming predicaments. (See, Matter of Sheila G., 61 NY2d 368, 385.)

The social workers for petitioner also met with both sets of grandparents, and the record supports the conclusion that neither home provided a reasonable alternative. The maternal grandparents stated that they could not take custody, and the paternal grandfather informed the social worker that he was "too conflicted" about Jason's mixed heritage to have him in his home.

The service plan proposed by the agency called for release of Jason to the father upon fulfillment of three conditions: successful treatment for drug addiction, steady employment, and a place to live. The respondent father proposed as an alternative plan that Jason be released to him and cared for in his parents' home. The record fully supports petitioner's conclusion, based on personal interviews with the paternal grandparents at their home, that this alternative was neither feasible nor realistic. (See, Matter of Roxann Joyce M., 75 AD2d 872, 873.) Therefore, in determining whether petitioner met its burden of proving diligent efforts, the Family Court should not have attached any weight to the failure of petitioner to inform respondents of the availability of day care and homemaker services. Concur—Murphy, P. J., Ross, Carro, Ellerin and Smith, JJ.