■ In the Matter of ERICA J. BROOKLYN HOME FOR CHILDREN, Appellant; LINDA A., Respondent.—In a proceeding pursuant to Social Services Law § 384-b and Family Court Act article 6 to permanently terminate parental rights on the ground of permanent neglect due to mental illness, the petitioner appeals from so much of an order of the Family Court, Queens County (Ambrosio, J.), dated March 28, 1988, as dismissed the petition insofar as it is asserted against the natural mother.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Family Court found that the petitioner, the Brooklyn Home for Children, has not demonstrated the statutorily mandated diligent efforts to assist the mother in planning for the return of Erica. Therefore, it held that there can be no finding of permanent neglect by the mother. We agree. In a proceeding to terminate parental rights based on permanent neglect, the threshold consideration is whether the agency has discharged its statutory obligation to exercise diligent efforts to encourage and strengthen the parental relationship *(see, Matter of Jamie M.,* 63 NY2d 388; *Matter of Sheila G.,* 61 NY2d 368). In the instant case, the crux of the petitioner's allegation of permanent neglect against the mother was that she refused to cooperate with the agency's supervised home visitation and thereby failed to plan for Erica's return. However, the evidence shows that the agency caseworkers did not adequately help the mother to plan for Erica's return. Despite

the fact that the mother, with the assistance of her therapists, took significant steps on her own through psychotherapy and educational and vocational programs to improve her ability to parent, the petitioner did little or nothing to assist her in these efforts. The petitioner's contention that it was excused from further diligent efforts on the mother's behalf because she was uncooperative is not persuasive. Only under extreme circumstances, where the child's welfare would be jeopardized to do so, may the agency discontinue its efforts to reunite the parent with the child (see, Matter of Ray A. M., 37 NY2d 619; Matter of LeBron, 140 AD2d 276; Carrieri, Practice Commentary, McKinney's Cons Laws of NY, Book 52A, Social Services Law § 384-b, at 139). In the instant case, both the parent and the child have expressed a desire to be together and there is a loving relationship between them. The caseworker has acknowledged that during visits that he supervised, the mother showed concern for Erica's well-being and school progress, and reflected that concern by teaching the child about the dangers of drug and sex abuse, despite the caseworker's characterization of this as inappropriate. Therefore, since the petitioner has not shown by clear and convincing evidence that it has exercised diligent efforts in assisting the mother to plan for her daughter's future, the Family Court properly dismissed the petition insofar as it is asserted against her.

Moreover, the petitioner has failed to show, by clear and convincing evidence, that the mother is, presently and for the foreseeable future, unable, by reason of mental illness or mental retardation, to provide proper and adequate care for her child (see, Matter of Dochingozi B., 57 NY2d 641; Social Services Law § 384-b [4] [c]). The Family Court held that "it is far from clear that the respondent [mother] can not be given parenting skills to deal with appropriately disciplining her child in the future". Its findings must be accorded the greatest respect (see, Matter of Nathaniel T., 67 NY2d 838). Mangano, J. P., Thompson, Eiber and Balletta, JJ., concur.