■ In the Matter of CHILDREN'S AID SOCIETY, on Behalf of JAMALI W. and Others, Children Alleged to be Neglected, Respondent. PAMELA W., Respondent; JAMES W., Appellant. [624 NYS2d 907] —In four proceedings pursuant to Family Court Act article 6, which were in effect consolidated, the father appeals, as limited by his brief, from so much of (1) a fact-finding order of the Family Court, Kings County (Hepner, J.), dated May 17, 1993, as found that he permanently neglected his four children, and (2) an order of the same court dated October 8, 1993, as terminated his parental rights on the ground of permanent neglect.

■ In the Matter of CHILDREN'S AID SOCIETY, on Behalf of JAMALI W. and Others, Children Alleged to be Neglected, Respondent. PAMELA W., Appellant, et al., Respondent. [624 NYS2d 906] —In four proceedings pursuant to Family Court Act article 6, which were in effect consolidated, the mother appeals, as limited by her brief, from so much of (1) a fact-finding order of the Family Court, Kings County (Hepner, J.), dated May 17, 1993, as found that she permanently neglected her four children, and (2) an order of the same court dated October 8, 1993, as terminated her parental rights on the ground of permanent neglect.

Ordered that on the Court's own motion, the appellant's notice of appeal from the order dated May 17, 1993, is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

It is well settled that when a child-care agency has custody of a child and brings a proceeding to terminate parental rights on the ground of permanent neglect, it must prove by clear and convincing evidence that it exercised diligent efforts to strengthen the parental relationship and to reunite the family *(Matter of Star Leslie W.,* 63 NY2d 136; *Matter of Sheila G.,*

61 NY2d 368; *Matter of Erica J.,* 154 AD2d 595). "Those efforts must include counseling, making suitable arrangements for visitation, providing assistance to the parents to resolve or ameliorate the problems preventing discharge of the child to their care and advising the parent at appropriate intervals of the child's progress and development" *(Matter of Star Leslie W.,* 63 NY2d 136, 142, *supra; see also,* Social Services Law § 384-b [7] [f]).

Review of the record in the instant case establishes that the child-care agency fulfilled its statutory duty to exercise diligent efforts to strengthen the parental relationship and reunite this family. Moreover, notwithstanding the parents' claims to the contrary, they both have substantially and repeatedly failed to maintain contact with and plan for the future of their four children. Thus, the Family Court properly terminated their parental rights.

The appellant's remaining contentions are without merit. Sullivan, J. P., Balletta, Rosenblatt and Miller, JJ., concur.