■ In the Matter of WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of BRIAN M., a Child Alleged to be Neglected, Appellant, v LINDA G. et al., Respondents. [633 NYS2d 581] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights based on permanent neglect, the petitioner appeals from a judgment of the Family Court, Westchester County (Braslow, J.), dated July 8, 1994, which, after a fact-finding hearing, dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The threshold consideration in a proceeding to terminate parental rights based on permanent neglect is whether the agency discharged its statutory obligation to exercise diligent efforts to encourage and strengthen the parental relationship (see, Matter of Nassau County Dept. of Social Servs. [James M.] v Diana T., 207 AD2d 399, 400; Matter of Tammy B., 185 AD2d 881, 882). Here, the Family Court properly dismissed the proceeding based on the agency's failure to establish its diligent efforts by clear and convincing evidence (see, Matter of Star Leslie W., 63 NY2d 136, 140; Matter of Sheila G., 61 NY2d 368; Matter of Devon C., 186 AD2d 738, 739).

The petitioner's contention that its efforts were frustrated because of the mother's lack of cooperation is unavailing. The record reveals that the mother missed certain planning conferences and that some of her scheduled visits with her son were cancelled because of her own failure to confirm that she would be attending. However, the mother was hospitalized during the period when some of these visits and conferences were scheduled and, on several occasions, the agency scheduled visits only when the mother took the initiative to see the child. Additionally, there was a period of more than a month when there was no casework activity because the caseworker was in the hospital.

While it is true that a parent must assume a measure of initiative and responsibility, "to fault parents for a lack of cooperation presupposes that the agency has fulfilled, or been utterly frustrated in its efforts to fulfill, its own statutory obligations to strengthen the parental relationship, including specifically a duty to provide 'services and other assistance to the parents so that problems preventing the discharge of the child from care may be resolved or ameliorated' " (Matter of Jamie M., 63 NY2d 388, 393-394, quoting Social Services Law § 384-b [7] [f] [3]; see, Matter of Shantelle W., 185 AD2d 935, 939-940). Although the petitioner should not be required to secure services for the mother which are merely duplicative of

those already received *(see, Matter of Star A.,* 55 NY2d 560, 565), on this record, there is no indication that the mother was provided any services directed at or appropriate to the goal of family reunification. Balletta, J. P., Miller, O'Brien and Copertino, JJ., concur.