(January 21, 1997)

■ In the Matter of VINCENT ANTHONY C., a Child Alleged to be Permanently Neglected. ROSA C., Also Known as ROSA D., Appellant; CARDINAL MCCLOSKEY CHILDREN'S AND FAMILY SERVICES, Respondent. [652 NYS2d 289] —Order of disposition, Family Court, Bronx County (Stewart Weinstein, J.), entered July 28, 1995, terminating respondent's parental rights upon a finding of permanent neglect, and awarding custody and guardianship of the subject child to the Commissioner of Social Services and petitioner agency for the purpose of adoption, unanimously affirmed, without costs.

We agree with Family Court that the agency was excused from exerting diligent efforts to encourage and strengthen the parental relationship because of respondent's failure for more than six months to keep the agency apprised of her whereabouts (Social Services Law § 384-b [7] [e] [i]), and that, although unnecessary to the finding of neglect, there is clear and convincing evidence of such efforts while petitioner's whereabouts were known. These included urging respondent to seek therapy, attend parenting classes, and to visit the subject child on a more consistent basis (Social Services Law § 384-b [7] [f]), which respondent resisted (*see, Matter of Sheila G.*, 61 NY2d 368, 385). Respondent's sporadic visits did not satisfy her obligation to maintain contact (Social Services Law § 384-b [7] [b]; *see, Matter of Marcel F.*, 212 AD2d 705, 706), and her failure to avail herself of much needed psychiatric counseling the agency recommended until the termination petition was filed constituted a failure to plan (*see, Matter of LeBron*, 140 AD2d 276, 277). Nor did respondent offer a feasible alternative plan for the child's future in suggesting as possible resources her mother or sister, neither of whom were willing to take on the responsibility. "[P]lanning responsibilities [are] not fulfilled by the providing of names of family members who turn out to be unable or ill-suited to care for the child." (*Matter of Charles Frederick Eugene M.*, 171 AD2d 343, 347, *appeal dismissed* 79 NY2d 977.) Termination of respondent's parental rights is in the child's best interests, the child having bonded with the foster family with whom he had been living for more than a year at the time of the court's decision, and not having bonded with

respondent despite her bi-monthly visits. The records containing the caseworker's notes were properly admitted at the fact-finding hearing. Concur—Murphy, P. J., Milonas, Rosenberger, Ellerin and Williams, JJ.