■ In the Matter of Marielene T. R., Also Known as Marielene R., a Child Alleged to be Permanently Neglected. Angel Guardian Home, Appellant; Madalyn R., Respondent, et al., Respondent. [678 NYS2d 338] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights based on permanent neglect, the Angel Guardian Home appeals from an order of the Family Court, Kings County (Segal, J.), dated March 31, 1997, which, after a fact-finding hearing, denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

In order to establish "permanent neglect" as a basis for terminating the respondent mother's parental rights to the child Marielene T. R. also known as Marielene R., the petitioner, Angel Guardian Home (hereinafter the agency) was

required to establish that the mother failed for a period of more than one year following the date the child came into its care to "substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]; *see also, Matter of Star Leslie W.,* 63 NY2d 136; *Matter of Sheila G.,* 61 NY2d 368).

The Family Court dismissed the petition based upon the threshold determination that the agency failed to exercise diligent efforts to encourage and strengthen the parental relationship (*see, Matter of Sheila G., supra*). Assuming, arguendo, that the agency's efforts were sufficient under the circumstances, we nevertheless conclude that the Family Court properly dismissed the petition, as the mother maintained contact with and planned for the future of the child.

The evidence elicited at the fact-finding hearing established that, prior to commencement of this proceeding in March 1995, the mother successfully addressed those problems which led to the removal of the child from the home and which the agency identified as potentially harmful to the child (*see, Matter of Nathaniel T.,* 67 NY2d 838, 840; *Matter of Orange County Dept. of Social Servs. v Joann P.,* 195 AD2d 512). Specifically, the evidence supports the Family Court's finding that the mother overcame her drug dependency through her participation, since November 1993, in drug treatment programs at Phoenix House and Bellevue Hospital. The mother completed a parenting skills program in December 1994, and, in early 1995, she obtained public assistance and a certificate to obtain subsidized housing. Finally, the evidence established that the mother regularly visited the child at the agency's office and, in fact, sought additional, unsupervised visitation.

We have considered the agency's remaining contentions and find them to be without merit. Rosenblatt, J. P., O'Brien, Altman and Friedmann, JJ., concur.