■ In the Matter of JEWEL RITZ H., a Child Alleged to be Permanently Neglected. DORIS H., Appellant; LITTLE FLOWER CHILDREN'S SERVICES, Respondent. [739 NYS2d 61] —Order of disposi-

tion, Family Court, New York County (Rhoda Cohen, J.), entered on or about May 31, 2000, which, to the extent appealed from, upon a fact-finding determination of permanent neglect pursuant to Social Services Law § 384-b, terminated respondent mother's parental rights to the subject child, and transferred custody and guardianship of the child to petitioner agency and the Commissioner of Social Services of the City of New York for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence, including the testimony of two supervising caseworkers assigned to this case, the agency's case record and progress notes, and respondent mother's rap sheet, indicating arrests and periods of incarceration stemming from drug-related activities, supports Family Court's finding that respondent, by failing consistently to visit or attempt to make contact with the subject child, by failing to submit proof of completion of a drug treatment program, and by repeatedly getting arrested for selling drugs, failed to plan for, and thus permanently neglected, her daughter (*see,* Social Services Law § 384-b [7]; *Matter of Star Leslie W.,* 63 NY2d 136; *Matter of LeBron,* 140 AD2d 276). Although petitioner agency met with respondent, formulated a plan for her to be reunited with the subject child, diligently arranged visitation, encouraged respondent to complete and submit proof of completion of a drug treatment program, attempted to refer her for drug treatment and psychiatric counseling, and attempted to locate her while she was incarcerated, respondent repeatedly thwarted the agency's efforts by her lack of cooperation (*see, Matter of Sheila G.,* 61 NY2d 368, 385). No basis exists to disturb Family Court's findings crediting the caseworkers' testimony over that of respondent.

The evidence presented at the dispositional hearing was sufficient to support Family Court's determination that it was in the subject child's best interest to be freed for adoption. Concur—Mazzarelli, J.P., Andrias, Sullivan, Buckley and Marlow, JJ.