■ In the Matter of FRANKIE R., a Child Alleged to be Permanently Neglected. JUAN R., Appellant; JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent. [773 NYS2d 30]—

Order of disposition, Family Court, New York County (Susan Larabee, J.), entered on or about May 23, 2002, which terminated respondent-appellant's parental rights as to his then 13-year-old son and committed the child to the custody and care of petitioner agency for purposes of adoption, unanimously reversed, on the law and the facts, without costs, the order of disposition and the fact-finding orders vacated, and the petition dismissed.

The order of disposition brings up for review a fact-finding determination of the same court, made on or about April 25, 2002, that appellant father had permanently neglected the child. However, the evidence presented at the fact-finding hearing

fails to demonstrate that the agency undertook diligent efforts to assist him in resolving his problems of inadequate housing and financial instability, which were specifically identified as preventing him from regaining his son (*see Matter of Jamie M.*, 63 NY2d 388, 394 [1984]). Nor was there clear and convincing evidence that appellant father failed to plan for his child's future.

It is undisputed that the father completed the parenting skills program to which he was referred, attended counseling, submitted to random drug testing, and otherwise complied with the agency's requirements. Though he may have missed a public assistance appointment, causing a delay, he actively sought out employment and as of the date of the hearing was employed by a tow truck company, earning $80 to $400 per week in addition to Social Security disability compensation he was receiving. He regularly visited his son and had a "very close" relationship with him. The agency's only valid concern was that the father, because of lack of other housing, had returned to reside with his son's mother, whose rights to the subject child had already been terminated. However, it is undisputed that appellant was looking for other housing as of the date of the hearing.

Accordingly, given the father and son's heartfelt desire to be reunited, the many positive steps taken by the father, and his cooperation with the agency, there was insufficient evidence of permanent neglect. Concur—Buckley, P.J., Andrias, Sullivan, Friedman and Gonzalez, JJ.