■ In the Matter of DONOVAN R. ANGEL GUARDIAN CHILDREN AND FAMILY SERVICES, Appellant; AFFETTE R., Respondent. [781 NYS2d 658]—

In a proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the grounds of permanent neglect and that she is presently and for the foreseeable future unable by reason of her mental retardation to provide proper and adequate care for the subject child, Angel Guardian Children and Family Services appeals from an order of the Family Court, Kings County (Lopez-Torres, J.), dated May 6, 2002, which, after a fact-finding hearing, denied the petition.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly found that the appellant failed to establish, by clear and convincing evidence, that the mother is "presently and for the foreseeable future unable, by reason of . . . mental retardation, to provide proper and adequate care" for the subject child (Social Services Law § 384-b [4] [c]; *see Matter of Edon F.*, 256 AD2d 577 [1998]; *Matter of Erica J.*, 154 AD2d 595, 596 [1989]).

Moreover, in order to terminate parental rights based upon permanent neglect, the appellant was required to establish that the mother failed, for a period of more than one year following the date the child came into the appellant's care, "substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]; *see Matter of Marielene T.R.*, 253 AD2d 882, 882-883 [1998]).

Assuming arguendo that the appellant demonstrated that it exercised diligent efforts to encourage and strengthen the parental relationship (*see Matter of Maria Ann P.*, 296 AD2d 574, 574-575 [2002]; *Matter of Erica J., supra* at 595), it did not establish, by clear and convincing evidence, that the mother failed "substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so" (Social Services Law § 384-b [7] [a]). Although the mother, who suffers from mild mental retardation, did not avail herself of all the programs and opportunities the appellant offered her, and failed to appear at some scheduled meetings and appointments, the appellant's "UCR Risk Assessment and Service Plan" for the mother demonstrated that the mother successfully completed a parenting skills program, received an "Independent Living" award for showing "visible improvement" during a review period, cooperated with the appellant to obtain citizenship and to apply for social security benefits, was able to travel independently

throughout the city, and did housekeeping and dressed appropriately. The mother's aunt, the subject child's caretaker, reported that the mother "frequently" visited the aunt and the child at the aunt's home and tended to the child "satisfactorily." Under these circumstances, we see no reason to disturb the Family Court's denial of the petition (*see Matter of Marielene T.R., supra* at 883). Ritter, J.P., Goldstein, Mastro and Fisher, JJ., concur.