■ In the Matter of ANNA MARIE G., Also Known as ANNA MARIE C., a Child Alleged to be Neglected. JEWISH CHILD CARE ASSOCIATION OF NEW YORK, Respondent; ABDUEL G., Also Known as ABDUL G. et al., Appellants. [818 NYS2d 104]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother and father separately appeal from an order of fact-finding and disposition of the Family Court, Kings County (Freeman, J.), dated January 24, 2005, which, after fact-finding and dispositional hearings, found that they permanently neglected the subject child, terminated their parental rights, and transferred guardianship and custody of the subject child to the Commissioner of Social Services of the City of New York and the Jewish Child Care Association of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition is mod-

ified, on the law, (1) by deleting the provision thereof finding that the father permanently neglected the subject child, and substituting therefor a provision dismissing the petition insofar as asserted against the father, and (2) by deleting the provision thereof which transferred guardianship and custody of the subject child to the Commissioner of Social Services of the City of New York and the Jewish Child Care Association of New York for the purpose of adoption; as so modified, the order of fact-finding and disposition is affirmed, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Family Court, Kings County, for a new dispositional hearing in accordance herewith.

In a proceeding to terminate parental rights based on permanent neglect, the petitioner must establish, as a threshold matter, that it exerted diligent efforts to encourage and strengthen the parental relationship (*see Matter of Sheila G.*, 61 NY2d 368, 373 [1984]). Contrary to the mother's contention, the evidence presented at the fact-finding hearing established that the petitioner made diligent efforts to assist her in maintaining contact with her child, Anna Marie, and planning for the child's future (*see* Social Services Law § 384-b [7] [a]) by facilitating visitation and by making affirmative, repeated, and meaningful efforts to assist her in addressing the mental health issues that were the primary obstacle preventing the return to her of Anna Marie (*see Matter of Kenneth Dayshawn J.*, 16 AD3d 158 [2005]; *Matter of Qudra W.*, 297 AD2d 580 [2002]; *Matter of Yvonne Cecilea Y.*, 293 AD2d 423 [2002]). Moreover, the finding of permanent neglect was supported by clear and convincing evidence that the mother failed to plan for Anna Marie's future (*see Matter of Avery Curtis Foster Joe D.*, 306 AD2d 276 [2003]; *Matter of Diana L.*, 299 AD2d 359 [2002]; *Matter of Vincent Anthony C.*, 235 AD2d 283 [1997]; *Matter of Sonia H.*, 177 AD2d 575 [1991]; *Matter of Kandu Anthony Y.*, 166 AD2d 653 [1990]).

However, the Family Court erred in determining that the father permanently neglected Anna Marie. Pursuant to Social Services Law § 384-b, which permits the termination of parental rights upon a finding that a parent has "permanently neglected" a child (*see* Social Services Law § 384-b [4] [d]), a child is defined as permanently neglected when "for a period of either at least one year or fifteen out of the most recent twenty-two months following the date such child came into the care of an authorized agency" (Social Services Law § 384-b [7] [a]), the parent either "failed substantially and continuously or repeatedly to maintain contact with or plan for the future of the child

although physically and financially able to do so" (*Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *see Matter of Gregory B.*, 74 NY2d 77, 86 [1989]; Social Services Law § 384-b [7] [a]). Termination of parental rights is a drastic step which can only be taken where there is compliance with the statute (*see Matter of Jamie M.*, 63 NY2d 388, 394 [1984]). Here, the petitioner failed to adduce clear and convincing evidence that the father failed to plan for Anna Marie's future for at least one year, as required by the statute (*see* Social Services Law § 384-b [7] [a]; [3] [g]). The record contains no evidence that two of the three elements of the petitioner's service plan for the father had been in place for periods of at least a year.

Moreover, the petitioner failed to sustain its statutory burden of demonstrating by clear and convincing evidence that it exercised the requisite diligent efforts to reunite Anna Marie with her father (*see* Social Services Law § 384-b [7] [a]; [3] [g]; *Matter of Jamie M., supra; Matter of Joshua R.*, 2 AD3d 528; *cf. Matter of Westchester County Dept. of Social Servs. v Linda G.*, 221 AD2d 456 [1995]; *Matter of Charmaine T.*, 173 AD2d 625 [1991]; *Matter of Erica J.*, 154 AD2d 595 [1989]). Accordingly, the petition should have been dismissed as to the father.

In light of our determination that the Family Court erred in terminating the father's parental rights and in view of information provided by the Law Guardian in her brief as to Anna Marie's current placement status and stated desire to live with her father, we remit the matter to the Family Court for a new dispositional hearing with respect to Anna Marie's best interests (*see Matter of Antonette Alasha E.*, 8 AD3d 375 [2004]; *Matter of Eugene L.*, 22 AD3d 348 [2005], *lv denied* 6 NY3d 715 [2006]).

In view of our determination, we do not reach the parties' remaining contentions. Miller, J.P., Luciano, Lifson and Covello, JJ., concur.