In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the petitioner SCO Family of Services appeals from so much of an order of the Family Court, Queens County (Salinitro, J.), dated May 4, 2007, as, after a fact-finding hearing, dismissed the petition insofar as asserted against the father.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
There is no basis to disturb the Family Court’s finding that the father is a person whose consent is required in order for the subject child to be adopted (see Domestic Relations Law § 111 [1] [d]). In this regard, the father was present at the hospital when the subject child was born and publically acknowledged his paternity. The evidence adduced at a hearing further demonstrated that the agency’s conduct was somewhat misleading, and that the father maintained substantial and continuous contact with the subject child. Furthermore, prior to the commencement of this proceeding, the father also filed for custody of the subject child. Additionally, the record establishes that the father provided the only type of financial support requested of him (see generally Matter of Andrew Peter H. T., 64 NY2d 1090, 1092 [1985]).
*784 The Family Court also properly dismissed the petition insofar as asserted against the father because the petitioner failed to sustain its statutory burden of demonstrating, by clear and convincing evidence, that it exercised diligent efforts to strengthen the parental relationship between the subject child and the father (see Matter of Sheila G., 61 NY2d 368, 373 [1984]; Matter of Anna Marie G., 29 AD3d 992, 994 [2006]; Matter of Frankie R., 5 AD3d 133, 133-134 [2004]; Matter of Joshua R., 2 AD3d 528, 528 [2003]). The evidence adduced at the hearing demonstrated that although the petitioner scheduled regular visitation, it failed to provide counseling or other services to the father to help him overcome any problems that would prevent the discharge of the subject child to his care.
The parties’ remaining contentions either are without merit or have been rendered academic in light of our determination. Ritter, J.E, Florio, Miller and Garni, JJ., concur.