■ In the Matter of MORGAN A.H.-P., Appellant. NEW ALTERNATIVES FOR CHILDREN, Respondent; TA-MIRRA J.H., Respondent, et al., Respondent. (And Another Title.) [21 NYS3d 290]—

Appeal from an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated October 9, 2014. The order, insofar as appealed from, upon a decision of that court dated October 8, 2014, made after a fact-finding hearing, dismissed that branch of the petition which was to terminate the mother's parental rights to the subject child on the ground of permanent neglect.

Ordered that on the Court's own motion, the notice of appeal from the decision is deemed to be a notice of appeal from the order (*see* CPLR 5512 [a]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In 2010, the subject child, Morgan, was placed in the care of the Commissioner of Social Services and the Little Flower Children and Family Services of New York (hereinafter Little Flower) following a finding that the mother had derivatively neglected her. At that time, the permanency goal for the child was to return to the mother. Little Flower was working with the mother to accomplish that goal and, in May 2011, was prepared to begin unsupervised visits between the mother and the child and her sister. At that time, the child and her sister were transferred to the care and custody of another agency, New Alternatives for Children (hereinafter the Agency), and such unsupervised visits never occurred. Although the permanency goal for the child was to be returned to the mother, the Agency immediately focused its efforts on changing the goal to adoption. The first time a social worker for the Agency went to the mother's home, the social worker addressed the topic of adoption, rather than unsupervised visits, with the mother. Thereafter, in September 2011, just three months after it became involved with the case, the Agency formally advised the mother of its decision to change the permanency goal to adoption at a "goal change" conference, over the mother's objection. In January 2012, the Agency filed a petition seeking, inter alia, to terminate the mother's parental rights on the ground of permanent neglect.

At the fact-finding hearing on the petition, after eliciting the testimony of a witness to authenticate certain documents, the Agency offered only documentary evidence, consisting primarily of its progress notes, to establish its burden of proof. The mother did not appear or testify, but the Agency did not ask the Family Court to draw an adverse inference from her failure to testify. After the hearing, the Family Court determined, inter alia, that the Agency had failed to establish permanent neglect because it did not establish that it had made diligent

efforts to encourage and strengthen the parental relationship between the mother and the child. In the order appealed from, the Family Court dismissed the petition, finding no rationale for the change in the permanency goal. The child appeals from so much of the order as dismissed that branch of the petition which was to terminate the mother's parental rights to her on the ground of permanent neglect.

In a proceeding to terminate parental rights based on permanent neglect, the petitioning agency must, as a threshold matter, prove by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parent-child relationship before the court may consider whether the parent has fulfilled his or her duties to maintain contact with and plan for the future of the child (see Social Services Law § 384-b [7] [a]; Matter of Sheila G., 61 NY2d 368, 384 [1984]). Here, the Family Court determined that the Agency failed in its statutory obligation and that it instead directed its efforts toward "subverting and undermining" the parental-child relationship, with a view toward terminating it. The Family Court determined that evidence at the hearing—the progress notes of the Agency—showed that the Agency failed to encourage and strengthen the parental relationship between the mother and the child. The Family Court also noted that the progress notes revealed that the mother completed all of the services demanded of her, and was consistent with her visits and attempted to plan for the child.

We find no basis to disturb the Family Court's determination that the Agency failed to make an initial showing, by clear and convincing evidence, that it made diligent efforts to strengthen and encourage the parental relationship between the mother and the child, and therefore dismissal of that branch of the petition which sought to terminate the mother's parental rights to the child on the ground of permanent neglect was proper (see Matter of Gregory A.J. [Gregory J.], 127 AD3d 972, 972 [2015]; Matter of Maria Ann P., 296 AD2d 574, 575 [2002]; Matter of Fatima Danet F., 233 AD2d 504, 505 [1996]).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Leventhal, J.P., Cohen, Duffy and LaSalle, JJ., concur.