■ In the Matter of BRANDON L.B. HEART SHARE HUMAN SERVICES OF NEW YORK, ROMAN CATHOLIC DIOCESE OF BROOKLYN, Appellant; LORI S.P., Respondent, et al., Respondent. (Proceeding No. 1.) In the Matter of TRE D.B. HEART SHARE HUMAN SERVICES OF NEW YORK, ROMAN CATHOLIC DIOCESE OF BROOKLYN, Appellant; LORI S.P., Respondent, et al., Respondent. (Proceeding No. 2.) In the Matter of NATHANIEL L.B. HEART SHARE HUMAN SERVICES OF NEW YORK, ROMAN CATHOLIC DIOCESE OF BROOKLYN, Appellant; LORI S.P., Respondent, et al., Respondent. (Proceeding No. 3.) [54 NYS3d 134]—

Appeal by the petitioner from an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated June 30, 2016. The order, after a fact-finding hearing, dismissed those branches of related petitions which were to terminate the mother's parental rights to the subject children.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner filed three related petitions, inter alia, to terminate the mother's parental rights to the subject children on the ground of permanent neglect. After a fact-finding hearing, the Family Court dismissed those branches of the petitions which were to terminate the mother's parental rights. The petitioner appeals.

"In a proceeding to terminate parental rights based on permanent neglect, the petitioning agency must, as a threshold matter, prove by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parent-child relationship before the court may consider whether the parent has fulfilled his or her duties to maintain contact with and plan for the future of the child" (*Matter of Morgan A.H.-P. [Ta-Mirra J.H.]*, 134 AD3d 712, 714 [2015]). Here, the Family Court determined, after a fact-finding hearing, that the petitioner did not make an initial showing, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the mother's relationship with the children, and we find no basis to disturb the court's determination (*see id.* at 714; *Matter of Maria Ann P.*, 296 AD2d 574 [2002]).

Moreover, the record supports the Family Court's determination that, even if the petitioner had met its initial burden of establishing that it made the requisite diligent efforts, the petitioner failed to establish, by clear and convincing evidence, that during the relevant period of time, the mother failed

substantially and continuously to maintain contact with the children or plan for their future, although physically and financially able to do so (see *Matter of Winstoniya D. [Tammi G.]*, 123 AD3d 705 [2014]; *Matter of Austin C. [Alicia Y.]*, 77 AD3d 938, 939 [2010]; *Matter of Olivia L.*, 41 AD3d 1226 [2007]; *Matter of Donovan R.*, 10 AD3d 398 [2004]).

The petitioner's remaining contention is without merit.

Accordingly, the Family Court properly dismissed those branches of the petitions which were to terminate the mother's parental rights. Balkin, J.P., Hall, Sgroi and Barros, JJ., concur.