Matter of Samatha B. (Cynthia J.) (2018 NY Slip Op 02178)





Matter of Samatha B. (Cynthia J.)


2018 NY Slip Op 02178


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-01077
 (Docket No. B-20971-11)

[*1]In the Matter of Samatha B. (Anonymous), appellant. Children's Aid Society, petitioner-respondent; Cynthia J. (Anonymous), respondent-respondent, et al., respondents.


Mark Brandys, New York, NY, for appellant.
Rosin Steinhagen Mendel, New York, NY (Douglas H. Reiniger of counsel), for petitioner-respondent.
Brooklyn Defender Services, Brooklyn, NY (Jessica Marcus of counsel), for respondent-respondent.



DECISION & ORDER
Appeal from an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated January 11, 2017. The order, insofar as appealed from, after a fact-finding hearing, determined that the putative father's consent to the adoption of the subject child was required pursuant to Domestic Relations Law § 111 and dismissed those branches of the petition which were to terminate the parental rights of the mother and the putative father as to the child on the ground of permanent neglect.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
At the time of the subject child's birth in September 2008, the mother was living with the putative father. Shortly after her birth, the child was placed in foster care due to the mother's drug use. In August 2011, the petitioner commenced this proceeding, among other things, to terminate the parental rights of the mother and the putative father on the ground of permanent neglect. The petitioner alleged that the putative father's consent to the adoption of the child was not required pursuant to Domestic Relations Law § 111 or, in the alternative, that he permanently neglected the child.
After a fact-finding hearing, the Family Court, inter alia, dismissed those branches of the petition which were to terminate the parental rights of the mother and the putative father. The court determined, among other things, that the putative father's consent to the adoption of the child was required pursuant to Domestic Relations Law § 111, and that the petitioner failed to establish, by clear and convincing evidence, that it made diligent efforts to strengthen the putative father's and the mother's parental relationship with the child, or that the mother and the putative father failed to maintain contact with the child or plan for her future. The child appeals.
There is no basis to disturb the Family Court's determination that the putative father's consent was required for an adoption of the child (see Domestic Relations Law § 111; cf. Matter of Kevin A., Jr., 61 AD3d 859, 860).
The threshold inquiry in a permanent neglect proceeding is whether the petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429; Matter of Michael B., 80 NY2d 299, 309; Matter of Sheila G., 61 NY2d 368, 380-381; Matter of Brandon L.B. [Lori S.P.], 150 AD3d 984, 984). The term " diligent efforts'" is defined as "reasonable attempts . . . to assist, develop and encourage a meaningful relationship between the parent and child" by, inter alia, creating a service plan that offers appropriate services to the parents to resolve the problems preventing the return of the child into their care and making suitable arrangements for visitation (Social Services Law § 384-b[7][f]; see Matter of Star Leslie W., 63 NY2d 136, 142; Matter of Sheila G., 61 NY2d at 384; Matter of Elijah W.L. [Omisa S.C.], 146 AD3d 782, 784). Once the petitioner establishes that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so (see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d at 429; Matter of Endoran E.H. [Elliot R.H.], 132 AD3d 762, 763).
Contrary to the Family Court's determination, the petitioner demonstrated, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the parental relationship and to reunite the family. These efforts included devising service plans for the mother and the putative father, facilitating their visitation with the child, encouraging their attendance at the child's various therapy sessions, providing the mother with referrals for drug treatment and mental health services, monitoring her progress, and taking appropriate action when the drug treatment program she had been attending failed to cooperate with the petitioner in its efforts to assist the mother (see Matter of Star Leslie W., 63 NY2d at 142-143; Matter of Sarah J.A. [Ramadan G.O.-A.], 156 AD3d 691, 692; Matter of Elasia A.D.B. [Crystal D.G.], 118 AD3d 778, 779; Matter of Tarmara F.J. [Jaineen J.], 108 AD3d 543, 543; Matter of Austin C. [Alicia Y.], 77 AD3d 938, 938).
Nevertheless, the Family Court properly dismissed those branches of the petition which were to terminate the parental rights of the mother and the putative father on the ground of permanent neglect. The record supports the Family Court's determination that the petitioner did not establish, by clear and convincing evidence, that the mother and the putative father failed substantially and consistently to maintain contact with the child or to plan for the child's future during the relevant period of time (see Matter of Edoran E.H. [Elliot R.H.], 132 AD3d at 763; Matter of Winstoniya D. [Tammi G.], 123 AD3d 705, 707; cf. Matter of Liam Francis P., 26 AD3d 385, 386).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.

2017-01077 DECISION & ORDER ON MOTION
In the Matter of Samatha B. (Anonymous), appellant.
Children's Aid Society, petitioner-respondent;
Cynthia J. (Anonymous), respondent-respondent,
et al., respondents.
(Docket No. B-20971/11)

Motion by the respondent-respondent to strike Points III and VI of the petitioner-respondent's brief on an appeal from an order of the Family Court, Kings County, dated January 11, 2017, on the ground that the petitioner-respondent refers to matter dehors the record and improperly [*2]seeks affirmative relief on the appeal. By decision and order on motion of this Court dated January 5, 2018, the motion was held in abeyance and referred to the panel of the Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is granted to the extent that Point III of the petitioner-respondent's brief is stricken and has not been considered in the determination of the appeal, and the motion is otherwise denied.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court