Matter of Amaarie L.M. (Kelly R.) (2018 NY Slip Op 08133)





Matter of Amaarie L.M. (Kelly R.)


2018 NY Slip Op 08133


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-07498
2017-07499
2017-07535
 (Docket Nos. B-3377-16, B-3386-16)

[*1]In the Matter of Amaarie L.M. (Anonymous). Suffolk County Department of Social Services, petitioner-respondent; 
and
Kelly R. (Anonymous), appellant, et al., respondent.


Heather A. Fig, Bayport, NY, for appellant.
Dennis M. Brown, County Attorney, Central Islip, NY (James G. Bernet of counsel), for petitioner-respondent.
Glenn Gucciardo, Northport, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from (1) an order of the Family Court, Suffolk County (Theresa Whelan, J.), dated June 16, 2017, (2) an order of fact-finding and disposition of the same court, also dated June 16, 2017, and (3) a corrected order of the same court dated June 20, 2017. The order dated June 16, 2017, and the corrected order, insofar as appealed from, after a fact-finding hearing, determined that the mother permanently neglected the subject child, and, after a dispositional hearing, terminated the mother's parental rights and placed the child in the guardianship and custody of the Suffolk County Department of Social Services for the purpose of adoption. The order of fact-finding and disposition, insofar as appealed from, found that the mother permanently neglected the child, transferred guardianship and custody of the child to Suffolk County Child Protective Services, and freed the child for adoption.
ORDERED that the appeal from the order dated June 16, 2017, is dismissed, without costs or disbursements, as that order was superseded by the corrected order dated June 20, 2017; and it is further,
ORDERED that the order of fact-finding and disposition and the corrected order are affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights to the subject child on the ground of permanent neglect. The Family Court found, after a fact-finding hearing, that the mother had permanently neglected the child, and, after a dispositional hearing, the court terminated the mother's parental rights and freed the child for adoption. The mother appeals.
In a proceeding to terminate parental rights based on permanent neglect, the petitioning agency must, as a threshold matter, prove by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parent-child relationship before the court may [*2]consider whether the parent has fulfilled his or her duties to maintain contact with and plan for the future of the child (see Social Services Law § 384-b[7][a]; Matter of Sheila G., 61 NY2d 368, 384; Matter of Morgan A.H.-P., 134 AD3d 712, 714). "Those efforts must include counseling, making suitable arrangements for visitation, providing assistance to the parents to resolve or ameliorate the problems preventing discharge of the child to their care and advising the parent at appropriate intervals of the child's progress and development" (Matter of Star Leslie W., 63 NY2d 136, 142; see Social Services Law § 384-b[7][f]). Contrary to the mother's contention, the petitioner established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen her relationship with the child (see Matter of Adam D. [Victoria C.], 157 AD3d 673, 674-675; Matter of Chanel C. [Vanessa N.], 118 AD3d 826, 827).
A dispositional order suspending judgment is a dispositional alternative, upon a finding of permanent neglect, that affords "a brief grace period designed to prepare the parent to be reunited with the child" (Matter of Michael B., 80 NY2d 299, 311; see Family Ct Act § 633). "In essence, an order suspending judgment provides the parent with a second chance, but it may be utilized only when the court determines that a second chance is in the child's best interests" (Matter of Tymel P., 157 AD3d 699, 700; see Family Ct Act §§ 631, 633). We agree with the Family Court's determination that termination of the mother's parental rights was in the best interests of the child, and that a suspended judgment was not appropriate given the mother's lack of insight into her problems and her failure to address the primary issues which led to the child's removal (see Matter of Tymel P. [Tyrone P.], 157 AD3d at 700; Matter of Tanay R.S. [Tonya M.], 147 AD3d 858, 860-861; Matter of Justice A.A. [Tina M.G.], 121 AD3d 886, 887; Matter of Jalaya A.C. [Deidra J.], 112 AD3d 623, 625).
The mother's contention that the Family Court erred in taking judicial notice of the orders and proceedings under a prior child neglect docket is unpreserved for appellate review (see Matter of Acevedo v Acevedo, 145 AD3d 773, 775).
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court