Matter of Jaylen R.B. (Lisa G.) (2018 NY Slip Op 08643)





Matter of Jaylen R.B. (Lisa G.)


2018 NY Slip Op 08643


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-00812
2018-14069
 (Docket Nos. B-323-12, B-324-12)

[*1]In the Matter of Jaylen R. B. (Anonymous). Catholic Guardian Services, petitioner-respondent; Lisa G. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Sarah M. B. (Anonymous). Catholic Guardian Services, petitioner-respondent; Lisa G. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)


Joel Borenstein, Brooklyn, NY, for appellant.
Magovern & Sclafani, Mineola, NY (Frederick J. Magovern and Joanna M. Roberson of counsel), for petitioner-respondent.
Karen P. Simmons, Brooklyn, NY (Laura Solecki and Janet Neustaetter of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from two orders of fact-finding and disposition of the Family Court, Kings County (Ilana Gruebel, J.), both entered December 19, 2016 (one as to each child). The first order, after fact-finding and dispositional hearings, found that the mother permanently neglected the child Jaylen R. B., terminated her parental rights, and transferred custody and guardianship of that child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The second order, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the child Sarah M. B., terminated her parental rights, and transferred custody and guardianship of that child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the first order of fact-finding and disposition is reversed, on the facts and as a matter of discretion, without costs or disbursements, and the petition relating to the child Jaylen R. B. is denied insofar as asserted against the mother; and it is further,
ORDERED that the second order of fact-finding and disposition is reversed insofar as appealed from, on the facts and as a matter of discretion, without costs or disbursements, and the petition relating to the child Sarah M. B. is denied insofar as asserted against the mother.
The petitioner commenced these proceedings, inter alia, to terminate the mother's parental rights, alleging that the mother permanently neglected the subject children. After fact-finding and dispositional hearings, the Family Court found that the mother permanently neglected the children, terminated her parental rights, and transferred custody and guardianship of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
To establish that a parent has permanently neglected a child, an agency must demonstrate, by clear and convincing evidence, that the parent "failed for a period of either at least one year or fifteen out of the most recent twenty-two months following the date such child came into the care of an authorized agency substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship when such efforts will not be detrimental to the best interests of the child" (Social Services Law § 384-b[7][a]).
Here, the petitioner failed to establish, by clear and convincing evidence, that during the relevant period of time, the mother failed to maintain contact with or plan for the future of the children. The evidence adduced by the petitioner at the fact-finding hearing included the testimony of the mother and selected portions of the petitioner's case files. The mother testified that she complied with all of the requirements that were communicated to her in order for the children to be returned to her care. According to the mother, these requirements included visiting with the children regularly, undergoing multiple mental health evaluations, consistently participating in mental health treatment, undergoing drug testing, completing parenting skills classes, visiting the children's school as much as allowed, and keeping up with the children's health status. The case files introduced into evidence generally supported the mother's testimony that she substantially complied with all of the requirements of her service plan.
In light of the petitioner's failure to adduce other evidence beyond the mother's own testimony as to the initial reasons for the children's removal from her care, the significance of the mother's mental health diagnosis, or the significance of the special needs diagnoses of the children, there was no basis for a determination that the mother's testimony on these subjects demonstrated a failure "to take such steps as may be necessary to provide an adequate, stable home and parental care for the child[ren] within a period of time which is reasonable under the financial circumstances available to the parent" (Social Services Law § 384-b[7][c]).
Under these circumstances, the Family Court should have denied the petitions insofar as asserted against the mother (see Social Services Law § 384-b; Matter of Antonio I., 26 AD3d 331, 332; Matter of Donovan R., 10 AD3d 398, 399-400; Matter of Marielene T.R., 253 AD2d 882, 883; cf. Matter of Michael B., 58 NY2d 71).
SCHEINKMAN, P.J., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court