Matter of Aaronlin Savanna R. (Aisha M.--Deonte R.) (2025 NY Slip Op 00451)

Matter of Aaronlin Savanna R. (Aisha M.--Deonte R.)

2025 NY Slip Op 00451

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2023-10712
 (Docket No. B-7221-21)

[*1]In the Matter of Aaronlin Savanna R. (Anonymous). SCO Family of Services, petitioner-appellant; Aisha M. (Anonymous), respondent, Deonte R. respondent-respondent.

Leventhal Mullaney & Blinkoff, LLP, Roslyn, NY (Jeffrey Blinkoff of counsel), for petitioner-appellant.
Joan Iacono, Scarsdale, NY, for respondent-respondent.
Diana Kelly, Jamaica, NY, for respondent.
Matthew McGrath, Fresh Meadows, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the petitioner appeals from an order of the Family Court, Queens County (Emily Ruben, J.), dated October 16, 2023. The order, insofar as appealed from, after a fact-finding hearing, dismissed the petition insofar as asserted against the father.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights to the subject child on the ground of permanent neglect. In an order dated October 16, 2023, after a fact-finding hearing, the Family Court, among other things, found that the petitioner failed to establish by clear and convincing evidence that it exercised diligent efforts to strengthen the father's parental relationship with the child, and dismissed the petition insofar as asserted against the father. The petitioner appeals.
"In a proceeding to terminate parental rights based on permanent neglect, the petitioning agency must, as a threshold matter, prove by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parent-child relationship before the court may consider whether the parent has fulfilled his or her duties to maintain contact with and plan for the future of the child" (Matter of Morgan A.H.-P. [Ta-Mirra J.H.], 134 AD3d 712, 714; see Social Services Law § 384-b[7][a]; Matter of Star Leslie W., 63 NY2d 136, 142; Matter of Sheila G., 61 NY2d 368, 384). Here, the Family Court determined, after a fact-finding hearing, that the petitioner did not make an initial showing, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the father's relationship with the child, and we find no basis to disturb the court's determination (see Matter of Jarlin M. [Jaris D.S.], 198 AD3d 652, 653; Matter of Morgan [*2]A.H.-P. [Ta-Mirra J.H.], 134 AD3d at 714).
Contrary to the petitioner's contention, the Family Court properly determined that the petitioner's obligation to demonstrate diligent efforts was not excused under the circumstances of this case (see Social Services Law § 384-b[7][e][i]; Matter of Sheila G., 61 NY2d 383 n 5; cf. Matter of Jamel Raheem B. [Vernice B.], 89 AD3d 933, 934).
DILLON, J.P., FORD, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court