■ In the Matter of AUSTIN C. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALICIA Y., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of BRITNEY Y. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALICIA Y., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of TAYLOR C. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALICIA Y., Appellant, et al., Respondent. (Proceeding No. 3.) [909 NYS2d 546]—

In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of the Family Court, Orange County (Bivona, J.), entered February 19, 2009, which, after fact-finding and dispositional hearings, found that she permanently neglected the children, and suspended judgment against her until January 8, 2010, provided that she complied with enumerated terms and conditions.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petitions are denied, and the proceedings are dismissed.

The petitioner commenced these proceedings, inter alia, to terminate the mother's parental rights, alleging that the children were permanently neglected. By proceeding on this ground, the petitioner was obligated to prove, by clear and convincing evidence, that the mother "failed for a period of either at least one year or fifteen out of the most recent twenty-two months following the date such child[ren] came into the care of an authorized agency substantially and continuously or repeatedly to maintain contact with or plan for the future of the child[ren], although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship when such efforts will not be detrimental to the best interests of the child[ren]" (Social Services Law § 384-b [7] [a]).

The petitioner established, by clear and convincing evidence,

that it made diligent efforts to encourage and strengthen the parental relationship by scheduling and providing transportation for visitation; making referrals for mental health and substance abuse evaluations and treatment; making a referral for parenting skills classes; visiting the mother at her home; scheduling appointments with the mother outside of the home; encouraging the mother to comply with the request that she avail herself of these services; regularly speaking with the mother by telephone; and warning the mother of the consequences of noncompliance (*see* Social Services Law § 384-b; *Matter of Star Leslie W.*, 63 NY2d 136, 142-143 [1984]; *Matter of Teshana Tracey T. [Janet T.]*, 71 AD3d 1032 [2010], *lv denied* 14 NY3d 713 [2010]; *Matter of Jada Ta-Toneyia L.*, 66 AD3d 901 [2009]).

The petitioner, however, failed to establish, by clear and convincing evidence, that during the relevant period of time, the mother failed to maintain contact with or plan for the future of her children. The record demonstrates that the mother maintained contact with the children through visitation, and planned for the children's future by substantially complying with the terms of a prior court order; completing a parenting skills class; executing release of information forms; notifying the petitioner, for the most part, of all changes of address or telephone number; undergoing a mental health evaluation and participating in treatment; undergoing a drug and alcohol evaluation; moving to a new apartment; participating in counseling with the children and communicating with the children's doctors; obtaining gainful employment; and causing her brother to become a certified therapeutic foster parent to care for the children while they remained in care. The mother's failure to meet with the petitioner's caseworker at least monthly, and her failure to continue with counseling after she had been discharged, absent proof that further counseling was warranted, did not establish the mother's failure "to take such steps as may be necessary to provide an adequate, stable home and parental care for the child[ren] within a period of time which is reasonable under the financial circumstances available to the parent" (Social Services Law § 384-b [7] [c]). Under these circumstances, the Family Court should have denied the petitions on the merits, and dismissed the proceedings (*see* Social Services Law § 384-b; *Matter of Antonio I.*, 26 AD3d 331 [2006]; *Matter of Donovan R.*, 10 AD3d 398 [2004]; *Matter of Marielene T.R.*, 253 AD2d 882 [1998]; *cf. Matter of Michael B.*, 58 NY2d 71 [1983]).

In light of our determination, we need not address the mother's remaining contentions. Dillon, J.P., Florio, Roman and Sgroi, JJ., concur.