■ In the Matter of CHRISTOPHER JOHN B., JR. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; CHRISTOPHER B., SR., et al., Respondents. (Proceeding No. 1.) In the Matter of ERYNN ROSE B. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; CHRISTOPHER B., SR., et al., Respondents. (Proceeding No. 2.) [930 NYS2d 224]—

The petitioner brought these proceedings to terminate parental rights based upon the parents' individual consent to findings of neglect against them (*see* Family Ct Act § 1051). The findings of neglect stemmed from the conclusion that the subject children had been "exposed to some form of sexual activity" by relatives of the parents.

The children are in the care of an authorized agency. Thus, in order to find that the children were permanently neglected, it must be determined that their "parent . . . has failed for a period of either at least one year or fifteen out of the most recent twenty-two months following the date such child came into the care of an authorized agency substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship when such efforts will not

be detrimental to the best interests of the child" (Social Services Law § 384-b [7] [a]). When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship (see Matter of Star Leslie W., 63 NY2d 136, 142 [1984]; Matter of Sheila G., 61 NY2d 368, 380-381 [1984]). Those efforts must include counseling, making suitable arrangements for visitation, providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development (see Matter of Star Leslie W., 63 NY2d at 142).

Here, the petitioner did not demonstrate, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the parental relationship. In this regard, we note that the Family Court correctly found that the petitioner's goal of having the parents each acknowledge their responsibility for the abuse of the children prior to reunification was unreasonable, given that both parents denied any direct involvement or participation in, or any knowledge of, the specifics of the alleged abuse (see Matter of Charlene TT., 217 AD2d 274 [1995]; cf. Matter of Jesus JJ., 232 AD2d 752 [1996]). Moreover, that goal was never clearly communicated to the parents, and no therapy specifically addressed to that issue was ever provided by the petitioner (cf. Matter of Amy B., 37 AD3d 600 [2007]). Additionally, the petitioner failed to exercise due diligence to adequately address the underlying allegations of sexual abuse, failed to exert sufficient diligent efforts with respect to arranging appropriate contact and visitation between the parents and children, and improperly kept the children in the care of foster parents who undermined efforts towards reunification.

The evidence was also insufficient to show that, during the relevant period of time, the parents did not maintain contact with the children or that they failed to plan for their children's future (see Matter of Albert Milton K., 47 AD3d 261 [2007]). The latter criterion contemplates that the parent shall take such steps as are necessary to provide a home that is adequate and stable within a reasonable period of time (see Social Services Law § 384-b [7] [c]). The parents herein visited the children whenever allowed to do so, and substantially complied with all terms set forth by the petitioner. The parents also maintained contact with the caseworkers, attended individual therapy and family therapy when it was made available, and maintained adequate housing.

Accordingly, given the lack of clear and convincing evidence, the petitions were properly dismissed with prejudice. Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.