■ In the Matter of WINSTONIYA D. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TAMMI G., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of DESE-REYE D. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TAMMI G., Appellant, et al., Respondent. (Proceeding No. 2.) [997 NYS2d 716]—

Appeal from an order of fact-finding and disposition of the Family Court, Orange County (Carol S. Klein, J.), dated October 7, 2013. The order, insofar as appealed from, found that the mother permanently neglected the subject children, and terminated her parental rights.

Ordered that the order of fact-finding and disposition is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the petitions insofar as asserted against the mother are denied, and the proceedings against the mother are dismissed.

The petitioner commenced these proceedings, inter alia, to terminate the mother's parental rights on the ground that the subject children were permanently neglected. By proceeding on this ground, the petitioner was obligated to prove, by clear and convincing evidence, that the mother "failed for a period of either at least one year or fifteen out of the most recent twenty-two months following the date such child[ren] came into the care of an authorized agency substantially and continuously or repeatedly to maintain contact with or plan for the future of the child[ren], although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]; see Matter of Austin C. [Alicia Y.], 77 AD3d 938, 939 [2010]).

The petitioner established, by clear and convincing evidence, that it exercised diligent efforts to encourage and strengthen the parental relationship by monitoring the mother's progress while she resided with the children in residential drug treatment programs, counseling her with regard to the importance of remaining in treatment, providing referrals for housing, drug treatment, and mental health services when the mother returned to the community, and arranging for visitation after the children were removed from the mother's care (see Social Services Law § 384-b [7] [f]; Matter of Star Leslie W., 63 NY2d 136 [1984]; Matter of Kira J. [Lakisha J.], 108 AD3d 541 [2013]; Matter of Angel H. [Omayra G.], 107 AD3d 891 [2013]; Matter of Temple S.M. [Tricia M.], 97 AD3d 681 [2012]; Matter of Joseph W. [Monica W.], 95 AD3d 1347 [2012]).

However, the petitioner failed to establish, by clear and convincing evidence, that during the relevant statutory period, the mother failed substantially and continuously to maintain contact with the children or plan for their future, although physically and financially able to do so (see Social Services Law § 384-b [7] [a]; see Matter of Austin C. [Alicia Y.], 77 AD3d at 939). The record demonstrates that the children came into the

care and custody of the Orange County Department of Social Services on June 30, 2011. On July 26, 2011, the mother entered a residential drug treatment program and, thereafter, sometime prior to September 19, 2011, the children were discharged to the mother at the treatment program on a trial basis. The mother remained in residential drug treatment with the children until the Family Court, in April 2012, permitted her to return to Orange County with the children and to enter outpatient treatment. On June 6, 2012, the children were removed from the mother's care based on a report that the mother may have been using substances again. After the children were removed, the mother consistently visited the children. Although the mother relapsed on one occasion during the relevant statutory period, did not comply with the court's mandate that she attend substance abuse therapy sessions at a 90% rate, and inconsistently attended appointments for mental health treatment, it cannot be said, on this record, that the mother failed to plan for the return of the children. The mother has maintained consistent contact with the children, and the record demonstrates a very strong and loving bond between the mother and the children. The record further demonstrates that the mother planned for the children's future by substantially complying with the terms of prior court orders, including participating in residential and outpatient drug treatment programs and completing important parenting classes (*see Matter of Austin C. [Alicia Y.]*, 77 AD3d at 939). Thus, the record supports the conclusion that the mother planned for the future of the children to the extent she was physically and financially able to do so (*see* Social Services Law § 384-b [7] [a]). Under these circumstances, the Family Court erred in adjudicating the children permanently neglected by the mother and terminating her parental rights (*see Matter of Austin C. [Alicia Y.]*, 77 AD3d 938 [2010]; *Matter of Patricia C.*, 63 AD3d 1710 [2009]; *see also Matter of Michael B.*, 58 NY2d 71 [1983]).

In light of our determination, we need not address the mother's remaining contentions. Leventhal, J.P., Hall, Austin and Roman, JJ., concur.