■ In the Matter of ENDORAN E.H. HEART SHARE HUMAN SERVICES OF NEW YORK, ROMAN CATHOLIC DIOCESE OF BROOK-

LYN ROMAN CATHOLIC DIOCESE OF BROOKLYN, Appellant; ELLIOT R.H. et al., Respondents. [18 NYS3d 637]—

Appeal from an order of the Family Court, Kings County (Alan Beckoff, J.), dated August 29, 2014. The order, after a hearing, determined that the father's consent to the adoption of the subject child was required pursuant to Domestic Relations Law § 111 and, in effect, denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, without costs or disbursements.

There is no basis to disturb the Family Court's finding that the father is a person whose consent is required in order for the subject child to be adopted (see Domestic Relations Law § 111 [1] [d]; *Matter of Elijah M.A. [Mohammed A.]*, 112 AD3d 708, 709 [2013]; *Matter of Sean Michael P.*, 56 AD3d 783, 783 [2008]).

Contrary to the Family Court's conclusion, however, the petitioner established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the parental relationship between the father and the subject child by meeting with the father to review his service plan, discussing the importance of compliance, making repeated referrals of the father to various drug treatment programs, assisting the father in his efforts to reinstate his Medicaid benefits, arranging for visitation between the father and the child, and changing the visitation schedule when it interfered with the father's work (see *Matter of Aminata M.S.-L. [Doris L.]*, 128 AD3d 707 [2015]; *Matter of Angel H. [Omayra G.]*, 107 AD3d 891, 892 [2013]; *Matter of Deajah Shabri T.*, 44 AD3d 1060 [2007]). Although the record demonstrates that the father's demanding work schedule prevented his participation in certain drug treatment programs, it cannot be said that the petitioner failed to undertake meaningful efforts to assist him in finding a program that did not interfere with his work.

Nevertheless, the Family Court properly, in effect, denied the petition to terminate the father's parental rights, since the petitioner failed to establish, by clear and convincing evidence, that, during the relevant period of time, the father failed to maintain contact with or plan for the future of the child. The record revealed the existence of a strong and loving bond between the father and child and that the father maintained regular contact with the child through visitation. The record

further demonstrated that the father planned for the child's future by participating in drug treatment programs, attending Family Team meetings, staying in regular contact with the designated caseworker, and maintaining gainful employment. The evidence adduced at the hearing also established that, prior to the commencement of this proceeding, the father completed parenting skills, anger management, and drug treatment programs. Although the father relapsed on several occasions, and failed to complete an additional drug treatment program after testing positive for cocaine, it cannot be said, on this record, that the father failed to plan for the return of the child (*see Matter of Winstoniya D. [Tammi G.]*, 123 AD3d 705, 706-707 [2014]; *Matter of Austin C. [Alicia Y.]*, 77 AD3d 938, 939 [2010]; *Matter of Anna Marie G.*, 29 AD3d 992, 993 [2006]; *Matter of Antonio I.*, 26 AD3d 331, 332 [2006]; *Matter of Donovan R.*, 10 AD3d 398 [2004]). Accordingly, the Family Court properly, in effect, denied the petition and dismissed the proceeding (*see* Social Services Law § 384-b). Mastro, J.P., Leventhal, Duffy and Barros, JJ., concur.