In the Matter of TYLYNN M.A. and Others, Children Alleged to be Neglected. CARDINAL MCCLOSKEY COMMUNITY SERVICES, Appellant; NIVIA A., Respondent. [30 NYS3d 115]—

Order, Family Court, Bronx County (Karen I. Lupuloff, J.), entered on or about March 6, 2015, which granted respondent mother's motion to dismiss the permanent neglect petition against her for petitioner agency's failure to make out a prima facie case, unanimously affirmed, without costs.

The agency failed to establish a prima facie showing of permanent neglect with clear and convincing evidence (*see* Social Services Law § 384-b [3] [g] [i]; [7] [a]; *see generally Matter of Leon RR*, 48 NY2d 117, 124-126 [1979]; *Matter of Winstoniya D. [Tammi G.]*, 123 AD3d 705, 706-707 [2d Dept 2014]). The record demonstrates that the mother was undergoing drug treatment and was engaged at Odyssey House. The record further shows that the mother had been involved with drug treatment programs and had completed multiple courses. The mother kept in contact with the agency and she completed a parenting course. In addition, she spoke with the agency about her concerns about the children and was receptive to advice from the agency. Even when the mother was incarcerated, she called the children most nights and asked them about

their day, and had some visits with them at the jail facility. When she was released, she attended her visits with the children, who were happy to see their mother. As the trial court noted, the record shows that the mother was a "present parent," and she was engaged in services.

Although the agency focuses on the absence of proof that the mother completed a domestic violence program, the testimony was insufficient to show that the mother did not complete such a program. The caseworker had no independent recollection whether the mother had completed this program and the document she used to refresh her recollection is not in the record. Moreover, a fair reading of the caseworker's testimony is that she did not offer any definitive testimony on this point one way or the other. The court as trier of fact, was clearly not persuaded that the agency established a prima facie case that the mother permanently neglected the children, and we see no reason to set aside the court's finding. Concur—Tom, J.P., Mazzarelli, Friedman, Richter and Kahn, JJ.