Matter of Geddiah S. R. (Seljeana P.) (2021 NY Slip Op 03592)





Matter of Geddiah S. R. (Seljeana P.)


2021 NY Slip Op 03592


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-14170
 (Docket No. B-17379-16)

[*1]In the Matter of Geddiah S. R. (Anonymous). MercyFirst, appellant; Seljeana P. (Anonymous), respondent-respondent, et al., respondent.


Warren & Warren, P.C., Brooklyn, NY (Ira L. Eras of counsel), for appellant.
Brooklyn Defender Services, Family Defense Practice, Brooklyn, NY (Lauren Shapiro and Amy Mulzer of counsel), for respondent-respondent.
Vivienne Marie Hewitt, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the petitioner appeals from an order of the Family Court, Kings County (Elizabeth Barnett, J.), dated August 27, 2019. The order, insofar as appealed from, after a fact-finding hearing, dismissed that branch of the petition which was to terminate the parental rights of the mother on the ground of permanent neglect.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced this proceeding, inter alia, to terminate the mother's parental rights to the subject child on the ground of permanent neglect. After a fact-finding hearing, the Family Court found that the petitioner failed to establish, by clear and convincing evidence, that it made diligent efforts to strengthen the mother's parental relationship with the child, or that the mother failed to maintain contact with the child or plan for his future, and dismissed that branch of the petition which was to terminate the mother's parental rights. The petitioner appeals.
"When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Christopher John B. [Christopher B.], 87 AD3d 1133, 1134; see Social Services Law § 384-b[3][g]; [4][d]; [7][a]; Matter of Imani L.J. [Shaunta J.], 166 AD3d 616, 617; Matter of Samatha B. [Cynthia J.], 159 AD3d 1006, 1007-1008; Matter of Endoran E.H. [Elliot R.H.], 132 AD3d 762, 763). "Those efforts must include counseling, making suitable arrangements for [parental access], providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development" (Matter of Christopher John B. [Christopher B.], 87 AD3d at 1134). "Once the petitioner establishes that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child [*2]or plan for the child's future, although physically and financially able to do so" (Matter of Samatha B. [Cynthia J.], 159 AD3d at 1008). "The latter criterion contemplates that the parent shall take such steps as are necessary to provide a home that is adequate and stable within a reasonable period of time" (Matter of Christopher John B. [Christopher B.], 87 AD3d at 1134, citing Social Services Law § 384-b[7][c]). "The credibility findings of the Family Court should be accorded great deference, as it [has] direct access to the parties and [is] in the best position to evaluate their testimony, character, and sincerity" (Matter of Derrick D.A. [Shavonna L.L.D.], 134 AD3d 928, 929).
Contrary to the Family Court's determination, the petitioner demonstrated, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the parental relationship between the mother and the child. These efforts included devising a service plan for the mother, facilitating parental access with the child, providing the mother with referrals for mental health services, monitoring her progress, changing the parental access schedule when it interfered with the mother's work, meeting with the mother to review the service plan, and explaining the importance of complying with the plan (see Matter of Samatha B. [Cynthia J.], 159 AD3d at 1008; Matter of Endoran E.H. [Elliot R.H.], 132 AD3d at 763; cf. Matter of Christopher John B. [Christopher B.], 87 AD3d at 1134). That the petitioner did not spontaneously provide MetroCards or alternative means of transportation to the mother in order to facilitate parental access, without her having requested such services, does not diminish the petitioner's otherwise persistent efforts to encourage and strengthen the mother's relationship with the child.
Nevertheless, the Family Court properly dismissed that branch of the petition which was to terminate the mother's parental rights on the ground of permanent neglect. The record supports the court's determination that the petitioner did not establish, by clear and convincing evidence, that the mother failed substantially and consistently to maintain contact with the child or to plan for the child's future during the relevant period of time. Although the mother was at times inconsistent in exercising parental access and participating in individual therapy, she substantially complied with the terms set forth by the petitioner by completing domestic violence and anger management programing, obtaining adequate housing and employment, and maintaining contact with the caseworker in an effort to comply with parental access and therapy when these obligations presented scheduling conflicts (see Matter of Samatha B. [Cynthia J.], 159 AD3d at 1008; Matter of Endoran E.H. [Elliot R.H.], 132 AD3d at 763; Matter of Christopher John B. [Christopher B.], 87 AD3d at 1134).
LASALLE, P.J., CHAMBERS, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court