Matter of Jarlin M. (Jaris D. S.) (2021 NY Slip Op 05339)





Matter of Jarlin M. (Jaris D. S.)


2021 NY Slip Op 05339


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
LARA J. GENOVESI, JJ.


2020-02792
 (Docket No. B-21587-18)

[*1]In the Matter of Jarlin M. (Anonymous), etc. Mercyfirst, petitioner-appellant; Jaris D. S. (Anonymous), respondent-respondent, et al., respondent.


Warren & Warren, P.C., Brooklyn, NY (Ira L. Eras of counsel), for petitioner-appellant.
Brooklyn Defender Services, Brooklyn, NY (Jessica Marcus of counsel), for respondent-respondent.
Elliot Green, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the petitioner appeals from an order of the Family Court, Kings County (Ilana Gruebel, J.), dated January 31, 2020. The order, insofar as appealed from, after a fact-finding hearing, and upon a finding that the petitioner failed to establish by clear and convincing evidence that it made diligent efforts to explore the alternative custodial resources identified by the mother, dismissed so much of the petition as sought to terminate the mother's parental rights on the ground of permanent neglect.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner, Mercyfirst, commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground of permanent neglect, inter alia, based on her failure to provide alternative custodial resources. Following a fact-finding hearing, the Family Court found that the petitioner failed to establish by clear and convincing evidence that it made diligent efforts to explore the alternative custodial resources identified by the mother, and dismissed the petition. The petitioner appeals.
"Generally, to establish that a parent has permanently neglected a child, an agency must establish, by clear and convincing evidence, that for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730, 731, citing Social Services Law § 384-b[4], [7][a]). "The threshold inquiry in a proceeding to terminate parental rights is whether the presentment agency demonstrated that it exerted diligent efforts to encourage and strengthen the parental relationship" (Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d at 731; [*2]see Matter of William S.L. [Julio A.L.], 195 AD3d 839).
"'Once the petitioner establishes that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so'" (Matter of Geddiah S.R. [Seljeana P.], 195 AD3d 725, 725-726, quoting Matter of Samatha B. [Cynthia J.], 159 AD3d 1006, 1008). "'The latter criterion contemplates that the parent shall take such steps as are necessary to provide a home that is adequate and stable within a reasonable period of time'" (Matter of Geddiah S.R. [Seljeana P.], 195 AD3d at 726, quoting Matter of Christopher John B. [Christopher B.], 87 AD3d 1133, 1134; see Social Services Law § 384-b[7][c]). "'The credibility findings of the Family Court should be accorded great deference, as it [has] direct access to the parties and [is] in the best position to evaluate their testimony, character, and sincerity'" (Matter of Geddiah S.R. [Seljeana P.], 195 AD3d at 725, quoting Matter of Derrick D.A. [Shavonna L.L.D.], 134 AD3d 928, 929).
Here, the record supports the Family Court's determination that the petitioner did not establish, by clear and convincing evidence, that the mother failed to plan for the child's future. The mother provided the names of five potential resources to care for the child, and the petitioner failed to provide credible testimony or offer any evidence to demonstrate that it took steps to meaningfully investigate all of the potential resources provided by the mother. Accordingly, the court properly dismissed so much of the petition as sought to terminate the mother's parental rights on the ground of permanent neglect.
AUSTIN, J.P., HINDS-RADIX, BARROS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court