Matter of Shimon G. (Batsheva G.) (2022 NY Slip Op 03725)

Matter of Shimon G. (Batsheva G.)

2022 NY Slip Op 03725

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2021-04040
 (Docket No. B-3725-19)

[*1]In the Matter of Shimon G. (Anonymous). OHEL Children's Home & Family Services, petitioner-respondent; Batsheva G. (Anonymous), respondent-appellant.

Tennille M. Tatum-Evans, New York, NY, for appellant.
Rosin Steinhagen Mendel PLLC, New York, NY (Marion C. Perry of counsel), for respondent.
Justine Luongo, Attorney-in-Charge of the Criminal Defense Practice, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from a revised order of fact-finding and disposition of the Family Court, Kings County (Alicea Elloras-Ally, J.), dated April 8, 2021. The order, insofar as appealed from, after fact-finding and dispositional hearings, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred guardianship and custody of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the revised order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
OHEL Children's Home & Family Services (hereinafter the agency) commenced this proceeding pursuant to Social Services Law § 384-b to terminate the mother's parental rights on the ground that she had permanently neglected the subject child. Following fact-finding and dispositional hearings, the Family Court found that the agency had established by clear and convincing evidence that it had taken diligent efforts to encourage and strengthen the parental relationship and that despite these diligent efforts, the mother had failed to plan for the child's future
for more than one year after the child was placed in the agency's care. The court found that the mother permanently neglected the child and terminated her parental rights. The mother appeals.
"When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Geddiah S.R. [Seljeana P.], 195 AD3d 725, 725 [internal quotation marks omitted]). "Those efforts must include counseling, making suitable arrangements for [parental access], providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development" (id. at 725 [internal quotation marks omitted]). "Once the petitioner establishes that it made diligent efforts to [*2]strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so" (id. at 725-726 [internal quotation marks omitted]). "[T]he planning requirement contemplates that the parent shall take such steps as are necessary to provide a home that is adequate and stable, under the financial circumstances existing, within a reasonable period of time" (Matter of Star Leslie W., 63 NY2d 136, 143). "Good faith alone is not enough: the plan must be realistic and feasible" (id. at 143). A parent who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future (see Matter of Elizabeth E.H. [Camille M.M.], 196 AD3d 578, 580; Matter of William S.L. [Julio A.L.], 195 AD3d 839, 842; Matter of Jayda M.L. [Diane L.], 182 AD3d 601, 602; Matter of Scott I.R. [Jennifer M.I.], 180 AD3d 686, 687; Matter of Noel Sean CJ Ivan W. [Danica W.], 179 AD3d 1078, 1079; Matter of Tymel P. [Tyrone P.], 157 AD3d 699, 700).
Here, the agency met its burden to establish that the mother had permanently neglected the child (see Matter of Geddiah S.R. [Seljeana P.], 195 AD3d at 725-726). As a threshold matter, contrary to the mother's contention, the agency established that it had made "diligent efforts to encourage and strengthen the parent-child relationship" (id. at 725 [internal quotation marks omitted]). The agency demonstrated that it had provided the mother with referrals for mental health services, attempted regular conversations with her regarding her service plan, attempted to conduct home visits, and facilitated the contact with the child that the mother was allowed. Contrary to the mother's contention, the agency's actions regarding facilitating contact with the child were suitable under the circumstances of this case (see id. at 726). Furthermore, the agency established that the mother had failed to plan for the child's future, as she only partially complied with her service plan and failed to gain insight into the issues that led to the child's removal. The evidence at the fact-finding hearing showed that the mother did not understand why the child had been removed from her care, that she believed that he had been kidnapped, and that she blamed others for her separation from the child rather than acknowledging how her actions had led to the underlying neglect proceeding and removal. Accordingly, the Family Court correctly found that the mother permanently neglected the child.
DILLON, J.P., BRATHWAITE NELSON, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court