Matter of Naijah-S. G. B. (Thomas X. B.) (2024 NY Slip Op 04552)

Matter of Naijah-S. G. B. (Thomas X. B.)

2024 NY Slip Op 04552

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2021-09229
 (Docket No. B-25400-15)

[*1]In the Matter of Naijah-S. G. B. (Anonymous), etc. MercyFirst, petitioner-respondent; Thomas X. B. (Anonymous), etc., appellant, et al., respondent.

Emily M. Olshansky, Southold, NY, for appellant.
Ira L. Eras, P.C., Brooklyn, NY, for petitioner-respondent.
Deana Balahtsis, New York, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Kings County (Melody Glover, J.), dated October 27, 2021. The order of fact-finding and disposition, after fact-finding and dispositional hearings, inter alia, found that the father permanently neglected the subject child, terminated the father's parental rights, and transferred custody and guardianship of the subject child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights on the ground that he had permanently neglected the subject child. Following a fact-finding hearing, the Family Court found, among other things, that the father permanently neglected the child. Following a dispositional hearing, the court terminated the father's parental rights and transferred custody and guardianship of the child to the petitioner and the Commissioner of the Administration for Children's Services of the City of New York for the purpose of adoption. The father appeals.
"'When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship'" (Matter of Shimon G. [Batsheva G.], 206 AD3d 732, 733, quoting Matter of Geddiah S.R. [Seljeana P.], 195 AD3d 725, 725). "Those efforts must include counseling, making suitable arrangements for [parental access], providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development" (id. [internal quotation marks omitted]). "Once the petitioner establishes that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's [*2]future, although physically and financially able to do so" (id. [internal quotation marks omitted]). "'[T]he planning requirement contemplates that the parent shall take such steps as are necessary to provide a home that is adequate and stable, under the financial circumstances existing, within a reasonable period of time'" (id., quoting Matter of Star Leslie W., 63 NY2d 136, 143).
Here, the petitioner met its burden of establishing that the father permanently neglected the child. Contrary to the father's contention, the petitioner established, by clear and convincing evidence, that it made diligent efforts to encourage and strengthen the father's parental relationship with the child (see Social Services Law § 384-b[3][g][i]; [7][a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429; Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d 679, 681). Those efforts included the development of a service plan for the father that included random drug testing, employment training, individual therapy, parenting skills classes, and regular visits with the child (see Matter of Abbygail H.M.G. [Eddie G.], 205 AD3d 913, 914). Despite those efforts, the father failed to plan for the return of the child by failing to attend any meeting with the caseworker to discuss his service plan, failing to take steps to acquire appropriate housing, and failing to attend and complete the services to which he was referred (see Social Services Law § 384-b[7][a]; Matter of Marina M. [Krista M.], 215 AD3d 845, 846; Matter of Elizabeth M.G.C. [Maria L.G.C.], 190 AD3d 730).
In light of our determination, we need not reach the father's remaining contention.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court