Matter of Makari A.H. (Letoya A.J.-H.) (2025 NY Slip Op 03569)

Matter of Makari A.H. (Letoya A.J.-H.)

2025 NY Slip Op 03569

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2024-08685
 (Docket No. B-12620-18)

[*1]In the Matter of Makari A. H. (Anonymous). New Alternatives for Children, Inc., petitioner-respondent; Letoya A. J.-H. (Anonymous), respondent-appellant, et al., respondent.

Richard L. Herzfeld, New York, NY, for respondent-appellant.
Dawn M. Shammas, New York, NY, for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Queens County (Monica D. Shulman, J.), dated August 1, 2024. The order of fact-finding and disposition, insofar as appealed from, upon a decision of the same court dated September 7, 2023, made after a fact-finding hearing, and after a dispositional hearing, found that the mother permanently neglected the subject child, terminated the mother's parental rights, and transferred custody and guardianship of the subject child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the petition insofar as asserted against the mother is denied, and the proceeding against the mother is dismissed.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights to the subject child on the ground of permanent neglect. In an and order of fact-finding and disposition dated August 1, 2024, upon a decision dated September 7, 2023, made after a fact-finding hearing, and after a dispositional hearing, the Family Court, among other things, found that the mother permanently neglected the child, terminated the mother's parental rights, and transferred custody and guardianship of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
"When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Navyiah Sarai U. [Erica U.], 211 AD3d 959, 960 [internal quotation marks omitted]; see Social Services Law §§ 384-b[3][g][i], [7][a]; Matter of Alexis M.B. [*2][Jaclyn R.P.], 224 AD3d 679, 680). "Those efforts must include counseling, making suitable arrangements for parental access, providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development" (Matter of Navyiah Sarai U. [Erica U.], 211 AD3d at 960-961 [alteration and internal quotation marks omitted]; see Social Services Law § 384-b[7][f]).
"Once the [agency] establishes that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so" (id. at 961 [internal quotation marks omitted]; see Social Services Law § 384-b[7][a]; Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 680). "A parent who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future" (Matter of Navyiah Sarai U. [Erica U.], 211 AD3d at 961 [internal quotation marks omitted]; see Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d at 680).
Here, the petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parent-child relationship, inter alia, by devising a service plan for the mother, monitoring and encouraging the mother's and the child's siblings' participation in mental health services, facilitating parental access with the child, and providing the mother with cleaning supplies and storage options to keep her apartment in a condition that could safely accommodate the child's medical condition (see Social Services Law § 384-b[7][f]; Matter of Geddiah S.R. [Seljeana P.], 195 AD3d 725, 726; Matter of Winstoniya D. [Tammi G.], 123 AD3d 705, 706).
However, contrary to the Family Court's determination, the petitioner failed to establish, by clear and convincing evidence, that during the relevant statutory period, the mother failed substantially and continuously to maintain contact with the child or plan for his future, although physically and financially able to do so (see Social Services Law § 384-b[7][a]; Matter of Geddiah S.R. [Seljeana P.], 195 AD3d at 726-727; Matter of Jaylen R.B. [Lisa G.], 167 AD3d 871, 873). The petitioner acknowledged the mother and child's "close bond" and that he appeared to be "well cared for" during visits with the mother. Further, after the child was removed from the mother's care, the mother consistently visited the child when she was allowed to do so and substantially complied with all terms set forth by the petitioner (see Matter of Winstoniya D. [Tammi G.], 123 AD3d at 706-707; Matter of Christopher John B. [Christopher B.], 87 AD3d 1133, 1134).
Although the mother was at times inconsistent in attending therapy or facilitating the child's siblings' therapy, she completed a special needs parenting class as well as a psychiatric evaluation and maintained consistent contact with her caseworkers in an effort to comply whenever her obligations presented conflicts (see Matter of Geddiah S.R. [Seljeana P.], 195 AD3d at 726-727; Winstoniya D. [Tammi G.], 123 AD3d at 706-707; Matter of Christopher John B. [Christopher B.], 87 AD3d at 1134). Overall, the record shows that the mother did remarkably well in following her service plan, despite facing significant obstacles in raising the child's siblings within the shelter system and managing her parental access with the child, who had been placed in a foster home in another borough, which was a subway and ferry ride away.
The Family Court's emphasis on an incident in which the mother either accidently or intentionally provided the child with candy was misplaced, as no competent evidence was presented at the fact-finding hearing that the child's medical condition prevented him from eating the candy and, in fact, the petitioner's own progress notes suggested the opposite. Similarly, under the circumstances, the court's emphasis on "dirty dishes" and other housekeeping issues in the mother's apartment was misplaced in light of the mother's efforts and the reality of her living situation during the relevant period.
In sum, the record supports the conclusion that the mother planned for the future of the child to the extent she was physically and financially able to do so (see Social Services Law § 384-b[7][a]). Therefore, the Family Court erred in adjudicating the child permanently neglected by [*3]the mother and terminating her parental rights (see Matter of Geddiah S.R. [Seljeana P.], 195 AD3d at 726-727; Matter of Winstoniya D. [Tammi G.], 123 AD3d at 707; Matter of Christopher John B. [Christopher B.], 87 AD3d at 1134).
BARROS, J.P., WARHIT, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court