Matter of Benz G. (Nadia B.) (2025 NY Slip Op 04648)

Matter of Benz G. (Nadia B.)

2025 NY Slip Op 04648

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-07025
 (Docket Nos. B-8393-21, B-8398-21, B-8404-21, B-4120-23)

[*1]In the Matter of Benz G. (Anonymous). Children's Aid Society, petitioner-respondent; Nadia B. (Anonymous), appellant, et al., respondents. (Proceeding No. 1.)
In the Matter of Sebastian B. (Anonymous). Children's Aid Society, petitioner-respondent; Nadia B. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Chandler B. (Anonymous). Children's Aid Society, petitioner-respondent; Nadia B. (Anonymous), appellant, et al., respondent. (Proceeding No. 3.)

Austin I. Idehen, Jamaica, NY, for appellant.
Rosin Steinhagen Mendel, PLLC, New York, NY (Marion C. Perry of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne Mitchell and Judith Stern of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the mother appeals from an order of disposition of the Family Court, Queens County (Monica D. Shulman, J.), dated June 28, 2024. The order of disposition, upon an order of fact-finding of the same court dated January 25, 2024, made after a fact-finding hearing, inter alia, finding that the mother permanently neglected the subject children, and after a dispositional hearing, terminated the mother's parental rights and transferred guardianship and custody of the subject children to the petitioner for the purpose of adoption.
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the mother's parental rights to the subject children on the ground of permanent neglect. After fact-finding and dispositional hearings, the Family Court, among other things, found that the petitioner established by clear and convincing evidence that the mother [*2]permanently neglected the children, terminated her parental rights, and transferred guardianship and custody of the children to the petitioner for the purpose of adoption. The mother appeals.
"'When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship'" (Matter of Christopher C. [Sonia C.], 235 AD3d 865, 866, quoting Matter of Naijah-S.G.B. [Thomas X.B.], 230 AD3d 1314, 1314; see Matter of Geddiah S.R. [Seljeana P.], 195 AD3d 725, 725). "'Those efforts must include counseling, making suitable arrangements for [parental access], providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development'" (Matter of Christopher C. [Sonia C.], 235 AD3d at 866, quoting Matter of Naijah-S.G.B. [Thomas X.B.], 230 AD3d at 1314-1315). "'However, in providing appropriate services to a parent, an agency need not guarantee that the parent succeed in overcoming his or her predicaments'" (id. at 866-867, quoting Matter of William S.L. [Julio A.L.], 195 AD3d 839, 842). "An agency that has exercised diligent efforts but is faced with an uncooperative parent is deemed to have fulfilled its statutory obligations" (Matter of Zechariah J. [Valrick J.], 84 AD3d 1087, 1087 [internal quotation marks omitted]).
"'Once the petitioner establishes that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so'" (Matter of Geddiah S.R. [Seljeana P.], 195 AD3d at 725-726, quoting Matter of Samantha B. [Cynthia J.], 159 AD3d 1006, 1008). "'The latter criterion contemplates that the parent shall take such steps as are necessary to provide a home that is adequate and stable within a reasonable period of time'" (id. at 726, quoting Matter of Christopher John B. [Christopher B.], 87 AD3d 1133, 1134). "'The credibility findings of the Family Court should be accorded great deference, as it [has] direct access to the parties and [is] in the best position to evaluate their testimony, character, and sincerity'" (id., quoting Matter of Derrick D.A. [Shavonna L.L.D.], 134 AD3d 928, 929).
Here, the petitioner established, by clear and convincing evidence, that the mother permanently neglected the children (see Social Services Law § 384-b[7][a]; Matter of Anthony A.R. [Taicha M.P.], 234 AD3d 696, 698). As a threshold matter, the petitioner established that it made diligent efforts to encourage and strengthen the parent-child relationship (see Matter of Joelle V.H. [Salvatore R.], 227 AD3d 1077, 1078; Matter of Innocence A.M.-F. [Khadijah N.M.-F.], 173 AD3d 869, 870). The record establishes that the petitioner created an appropriate service plan for the mother, which required her to complete a parenting skills class, submit to a mental health evaluation and comply with any recommendations, consistently visit with the children, attend case planning, medical, and educational appointments for the children, and follow up on any needed referrals. Further, the record reflects that between April 2019 and January 2020, when the mother resided in New York, the petitioner arranged twice-weekly supervised parental access between the mother and the children. Following the mother's move to Indiana in January 2020, the petitioner reached out to her regularly and attempted to keep her apprised of the children's progress and to ascertain her intentions with respect to the children. The petitioner also facilitated several virtual parental access sessions between the mother and the children, when it was able to contact the mother.
Further, the petitioner established that despite its efforts, and notwithstanding the services completed by the mother, the mother failed to plan for the return of the children, as she failed to gain insight into the issues that caused the children's removal and were preventing their return to her care (see Matter of Anthony A.R. [Taicha M.P.], 234 AD3d at 699; Matter of Jessica U. [Stephanie U.], 152 AD3d 1001, 1004). The evidence established that the mother failed to complete her service plan, in that she refused to participate in individual therapy as recommended following her mental health evaluation. Moreover, although the mother consistently attended parental access with the children while she lived in New York, she did not appropriately monitor the children or address their aggressive conduct during the parental access sessions. In addition, following the mother's move to Indiana, she was largely unresponsive to the petitioner's outreach [*3]efforts. Contrary to the mother's contention, her periods of incarceration did not obviate her obligation to plan for the children's future (see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 431; Matter of Jenna K. [Jeremy K.], 132 AD3d 995, 995; Matter of Egypt A.A.G. [Kimble G.], 108 AD3d 533, 534).
Also contrary to the mother's contention, a suspended judgment was not in the best interests of the children, as the mother failed to demonstrate insight into the problems that led to the removal of the children and that she had made progress in overcoming those problems (see Matter of Chanel C. [Vanessa N.], 118 AD3d 826, 828; Matter of Jalil U. [Rachel L.-U.], 103 AD3d 658, 660).
The mother's remaining contention is without merit.
Accordingly, the Family Court properly found that the mother permanently neglected the children, terminated her parental rights, and transferred guardianship and custody of the children to the petitioner for the purpose of adoption.
GENOVESI, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court