Matter of Benz G. (Nadia B.) (2025 NY Slip Op 04647)

Matter of Benz G. (Nadia B.)

2025 NY Slip Op 04647

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-02743
2024-02751
 (Docket Nos. B-8393-21, B-8398-21, B-8404-21, B-4120-23)

[*1]In the Matter of Benz G. (Anonymous). Children's Aid Society, petitioner; Nadia B. (Anonymous), et al., respondents. (Proceeding No. 1.)
In the Matter of Sebastian B. (Anonymous). Children's Aid Society, petitioner-respondent; Russell B. (Anonymous), appellant, et al., respondent. (Proceeding No. 2.)
In the Matter of Chandler B. (Anonymous). Children's Aid Society, petitioner-respondent; Russell B. (Anonymous), appellant, et al., respondent. (Proceeding No. 3.)

Robin Stone Einbinder, Flushing, NY, for appellant.
Rosin Steinhagen Mendel, PLLC, New York, NY (Marion C. Perry of counsel), for petitioner-respondent.
Twyla Carter, New York, NY (Dawne Mitchell and Judith Stern of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Monica D. Shulman, J.), dated January 25, 2024, and (2) an order of disposition of the same court dated March 25, 2024. The order of fact-finding, insofar as appealed from, after a fact-finding hearing, found that the father permanently neglected the subject children Sebastian B. and Chandler B. The order of disposition, upon the order of fact-finding and after a dispositional hearing, terminated the father's parental rights to the subject children Sebastian B. and Chandler B. and transferred custody and guardianship of those children to the petitioner for the purpose of adoption.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the portion of the order of fact-finding appealed from was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is affirmed, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights to the subject children Sebastian B. and Chandler B. (hereinafter together the children) on the ground of permanent neglect. After fact-finding and dispositional hearings, the Family Court, among other things, found that the petitioner established by clear and convincing evidence that the father permanently neglected the children, terminated his parental rights, and transferred guardianship and custody of the children to the petitioner for the purpose of adoption. The father appeals.
"'When a foster care agency brings a proceeding to terminate parental rights on the ground of permanent neglect, it must, as a threshold matter, prove by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship'" (Matter of Christopher C. [Sonia C.], 235 AD3d 865, 866, quoting Matter of Naijah-S.G.B. [Thomas X.B.], 230 AD3d 1314, 1314; see Social Services Law §§ 384-b[3][g][i], [7][a]; Matter of Geddiah S.R. [Seljeana P.], 195 AD3d 725, 725). "'Those efforts must include counseling, making suitable arrangements for [parental access], providing assistance to the parents to resolve the problems preventing the child's discharge, and advising the parents of the child's progress and development'" (Matter of Christopher C. [Sonia C.], 235 AD3d at 866, quoting Matter of Naijah-S.G.B. [Thomas X.B.], 230 AD3d at 1314-1315; see Social Services Law § 384-b[7][f]). "'However, in providing appropriate services to a parent, an agency need not guarantee that the parent succeed in overcoming his or her predicaments'" (id. at 866-867, quoting Matter of William S.L. [Julio A.L.], 195 AD3d 839, 842). "An agency that has exercised diligent efforts but is faced with an uncooperative parent is deemed to have fulfilled its statutory obligations" (Matter of Zechariah J. [Valrick J.], 84 AD3d 1087, 1087 [internal quotation marks omitted]).
"'Once the petitioner establishes that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving that, during the relevant period of time, the parent failed to maintain contact with the child or plan for the child's future, although physically and financially able to do so'" (Matter of Geddiah S.R. [Seljeana P.], 195 AD3d at 725-726, quoting Matter of Samantha B. [Cynthia J.], 159 AD3d 1006, 1008; see Social Services Law § 384-b[7][a], [c]). "'The latter criterion contemplates that the parent shall take such steps as are necessary to provide a home that is adequate and stable within a reasonable period of time'" (id. at 726, quoting Matter of Christopher John B. [Christopher B.], 87 AD3d 1133, 1134). "'The credibility findings of the Family Court should be accorded great deference, as it [has] direct access to the parties and [is] in the best position to evaluate their testimony, character, and sincerity'" (id., quoting Matter of Derrick D.A. [Shavonna L.L.D.], 134 AD3d 928, 929).
Here, the petitioner established, by clear and convincing evidence, that the father permanently neglected the children (see Social Services Law § 384-b[7][a]; Matter of Anthony A.R. [Taicha M.P.], 234 AD3d 696, 698). As a threshold matter, the petitioner established that it made diligent efforts to encourage and strengthen the parent-child relationship (see Matter of Joelle V.H. [Salvatore R.], 227 AD3d 1077, 1078; Matter of Innocence A.M.-F. [Khadijah N.M.-F.], 173 AD3d 869, 870). The record demonstrates that the petitioner facilitated the father's twice-weekly supervised parental access with the children, conducted a mental health evaluation of the father to devise an appropriate service plan, referred the father to parenting skills and anger management classes, and provided a coach to assist the father in having more successful parental access sessions with the children.
Further, the petitioner established that, despite its efforts, and notwithstanding the services completed by the father, the father failed to plan for the return of the children, as he failed to gain insight into the issues that caused the children's removal and were preventing their return to his care (see Matter of Anthony A.R. [Taicha M.P.], 234 AD3d at 699; Matter of Jessica U. [Stephanie U.], 152 AD3d 1001, 1004). The evidence showed that the father failed to manage the children during supervised parental access, permitting them, among other things, to throw items, kick, hit, and bite him, and fight aggressively among themselves, and that the father at times encouraged the children's inappropriate behavior. Moreover, the evidence showed that the father was not responsive to redirection by the petitioner or the parental access coach that the petitioner provided and that at times the father berated the petitioner's staff and behaved aggressively.
The father's remaining contention is not properly before this Court.
Accordingly, the Family Court properly found that the father permanently neglected the children, terminated his parental rights, and transferred guardianship and custody of the children to the petitioner for the purpose of adoption.
GENOVESI, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.

2024-02743 DECISION & ORDER ON MOTION
2024-02751
In the Matter of Benz G. (Anonymous).
Children's Aid Society, petitioner;
Nadia B. (Anonymous), et al., respondents.
(Proceeding No. 1)
In the Matter of Sebastian B. (Anonymous).
Children's Aid Society, petitioner-respondent;
Russell B. (Anonymous), appellant,
et al., respondent.
(Proceeding No. 2)
In the Matter of Chandler B. (Anonymous).
Children's Aid Society, petitioner-respondent;
Russell B. (Anonymous), appellant,
et al., respondent.
(Proceeding No. 3)
(Docket Nos. B-8393-21, B-8398-21, B-8404-21,
B-4120-23)

Motion by the attorney for the children to strike stated portions of the appellant's reply brief. By decision and order on motion of this Court dated March 5, 2025, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion is denied.
GENOVESI, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court