Matter of Christian J.C. (Jorge C.) (2025 NY Slip Op 06857)

Matter of Christian J.C. (Jorge C.)

2025 NY Slip Op 06857

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2024-02852
 (Docket No. B-10938-21)

[*1]In the Matter of Christian J. C. (Anonymous). New Alternatives for Children, Inc., petitioner- respondent; Jorge C. (Anonymous), appellant, et al., respondent.

Center for Family Representation, Inc., New York, NY (Tehra Coles and Charles S. Rosenberg of counsel), for appellant.
Dawn M. Shammas, New York, NY, for petitioner-respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell, Marcia Egger, and Judith Stern of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the father appeals from an order of fact-finding and disposition of the Family Court, Queens County (Joan L. Piccirillo, J.), dated April 2, 2024. The order of fact-finding and disposition, insofar as appealed from, after fact-finding and dispositional hearings, found that the father permanently neglected the subject child, terminated the father's parental rights, and transferred custody and guardianship of the subject child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the petition is denied insofar as asserted against the father, and the proceeding is dismissed insofar as asserted against the father.
The petitioner commenced this proceeding pursuant to Social Services Law § 384-b, inter alia, to terminate the father's parental rights to the subject child on the ground of permanent neglect. Following fact-finding and dispositional hearings, the Family Court found that the father permanently neglected the child, terminated the father's parental rights, and transferred custody and guardianship of the child to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The father appeals.
"In a proceeding to terminate parental rights because of permanent neglect, the agency must demonstrate by clear and convincing evidence that it has fulfilled its statutory duty to exercise diligent efforts to encourage and strengthen the parent-child relationship" (Matter of Ryder S.R. [Shaquana R.], 236 AD3d 1045, 1046 [internal quotation marks omitted]; see Social Services Law § 384-b[3][g][i]; [4][d]; [7][a], [f]). "Once the agency demonstrates that it made diligent efforts to strengthen the parental relationship, it bears the burden of proving by clear and convincing evidence, that for a period of one year following the child's placement with the agency, the parent failed to [*2]maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so" (Matter of Kalebh-Xavier X.O. [Jessica-Maria M.], 240 AD3d 696, 698 [internal quotation marks omitted]; see Social Services Law § 384-b[3][g][i]; [7][a]). "A parent who has only partially complied with his or her service plan and who has not gained insight into the issues that caused the removal of the child has not planned for the child's future" (Matter of Shimon G. [Batsheva G.], 206 AD3d 732, 733; see Matter of Kalebh-Xavier X.O. [Jessica-Maria M.], 240 AD3d at 698).
Here, the petitioner demonstrated, by clear and convincing evidence, that it made diligent efforts to strengthen the parent-child relationship by, among other things, developing an appropriate service plan for the father, scheduling regular parental access between the father and the child, providing referrals for the father to substance abuse and parenting skills programs, and monitoring the father's progress in the programs (see Social Services Law § 384-b[7][f]; Matter of Alexis M.B. [Jaclyn R.P.], 224 AD3d 679, 681; Matter of Daniel J.L. [Sayid L.], 213 AD3d 939, 940).
However, contrary to the Family Court's determination, the petitioner failed to establish, by clear and convincing evidence, that during the relevant period of time, the father failed substantially and continuously to maintain contact with the child or plan for the child's future, although physically and financially able to do so (see Social Services Law § 384-b[7][a]; Matter of Makari A.H. [Letoya A.J.-H.], 239 AD3d 739, 741; Matter of Geddiah S.R. [Seljeana P.], 195 AD3d 725, 726). Although the father initially had only limited contact with the petitioner and failed to visit with the child for a period of approximately three months, the father thereafter consistently attended parental access with the child and substantially complied with all the terms set forth by the petitioner. In addition, the petitioner's progress notes established that the relationship between the father and the child was "flourishing" (see Matter of Makari A.H. [Letoya A.J.-H.], 239 AD3d at 741; Matter of Endoran E.H. [Elliot R.H.], 132 AD3d 762, 763-764). Further, the record does not support the court's finding that the father lacked insight into his substance abuse treatment needs and the child's special needs.
In sum, the record supports the conclusion that the father planned for the future of the child to the extent he was physically and financially able to do so (see Social Services Law § 384-b[7][a]). Therefore, the Family Court erred in adjudicating the child permanently neglected by the father and terminating the father's parental rights (see Matter of Makari A.H. [Letoya A.J.-H.], 239 AD3d at 741; Matter of Winstoniya D. [Tammi G.], 123 AD3d 705, 707).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
BARROS, J.P., CHRISTOPHER, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court